Volk vs. Eldred.

## VOLK vs. ELDRED.

*Navigable waters: Rights of the public.—Obstructions to navigation.—Instructions.*

1. It is no defense to an action for injuries to a raft, occasioned by improper obstructions at a dam, that such a raft could not have navigated the river at all before the dam was built.
2. A provision in an act authorizing a dam across a navigable river, which requires the persons maintaining it to keep "a good and sufficient slide, that will admit the passage of all such rafts as may navigate said river," *held* to refer to such rafts as could and should navigate the river after its condition should be improved by the dam.
3. An instruction relative to contributory negligence, *held* not objectionable as directing attention to negligence only in certain particulars, because those included all the respects in which, from the nature of the case, the question of negligence could arise.

APPEAL from the Circuit Court for *Oconto* County.

The nature of the case, and the material points raised on the appeal, will appear from the opinion. The defendant appealed from a judgment in favor of the plaintiff.

*Stark & McMullen*, for appellant, contended, among other things, that the evidence proved that the Oconto river is not at all times a navigable stream. At the time the plaintiff undertook to float the rafts in question, the river was at low water; and in its natural condition, unaided by the improvement of the navigation above caused by the appellant's dam, the plaintiff could never have floated his rafts at all. The dam, therefore, and the other obstructions complained of, were no infringement of the rights of the plaintiff, or those of the public. The defendant had a right to use the river and its bed in any manner consistent with the public easement. *Jones v. Pettibone*, 2 Wis. 320; *Walker v. Shepherdson*, 4 id. 508. But the easement of the public is at all times to be tested by the natural, inherent capacity of the stream. *Brown v. Chadbourne*, 31 Maine, 21; *Treat v. Lord*, 42 id. 552; 4 Wis. 509.

*Ellis & Hastings*, for respondent, as to the rights of the public, and the obligations resting on the appellant under the act of the legislature authorizing the erection of his dam, cited *Moore v. Sanborne*, 2 Mich. 519, and Angell on W. C. § 539.

PAINE, J. This action was brought to recover damages for injury and delay occasioned to the plaintiff's rafts by the alleged improper condition of the defendant's dam, and by other obstructions maintained by him in the Oconto river. The only question of importance presented here, arises upon the instructions asked by the defendant, to the effect that he was not liable for any damages, if the jury should find that rafts like the plaintiff's could not have navigated the stream at all in its natural condition, with the water at the same stage as when these rafts were run. The defendant had introduced testimony tending to show that such was the fact.

The real question, therefore, is, whether, where one has erected a dam upon a navigable stream, under the authority of the legislature, and by doing so has improved the navigation

in some places, so that larger rafts can be floated there than could have been in its natural condition, if he occasions injury to rafts properly and skilfully constructed and managed, with reference to the river as it then is, by means of the improper condition of his dam or other improper obstructions, he can establish a defense by showing that the same rafts could not have floated down the river at all in its natural state? I do not think he can. It would be wanton, arbitrary and unreasonable to say that, in such a case, those navigating the river had not a right to avail themselves of the benefit of any improvement in the navigation occasioned by the dam. The legislature expressly required those maintaining the dam, to keep "a good and sufficient slide, that will admit the passage of all such rafts, crafts and boats as may navigate the said river." And there can be no doubt that this act had reference to the navigable condition of the river after the erection of the dam, and intended to require it to be kept in such condition as to admit the passage of rafts properly constructed in view of that condition.

The court below took this view of the question, and told the jury that if the injury was occasioned in part by the negligence of the plaintiff in the construction of his rafts, or his want of due skill and care in managing them, then he could not recover; but that if they were properly constructed and managed, it was no defense to an action for injuries occasioned by improper obstructions maintained by the defendant, to show that rafts as large and thick as these could not have navigated the river in its natural state. This is in accordance with reason and sound policy.

I can see no good ground for exception to the fourth instruction asked by the plaintiff and given by the court.* It is said

---

* This instruction was as follows: "The defendant cannot avoid liability for any damages occasioned by his obstructions, on the ground that the negli-

Volk vs. Eldred.

that in directing the attention of the jury to the question whether the plaintiff's negligence contributed to the injury, it includes only negligence in certain particulars. But those are all the particulars in which there could have been any negligence. And I cannot agree with the appellant's counsel, that even though this is true, the instruction is still equally objectionable.

Proper skill in the construction of the raft would require the plaintiff to have reference to the condition of the river, as it then was, freed from improper obstructions. And the jury must so have understood it.

It is objected that in allowing the plaintiff, as damages, "the wages of the men detained while running the rafts," and "the value of the time and labor spent in picking up the scattered lumber," the plaintiff received damages for the same thing twice. It is said that the men who were "detained in running the rafts" "spent their time and labor in picking up the scattered lumber." But there is nothing in the case to show that the lumber was picked up during the detention of the rafts, or even by the men who were running them. These items are set out separately in the complaint. They are, in their nature, separate and distinct, and it cannot be assumed, from anything appearing in the case, that they both included the same thing.

*By the Court.*—The judgment is affirmed.

gence of the plaintiff or her agents contributed to produce the injury, if you are satisfied from the testimony that the plaintiff and her agents were not negligent or at fault in the construction, management and running of her rafts, and in doing what they could to avoid all the injuries complained of."