HECKMAN VS. SWARTZ.

*April 11 — May 10, 1882.*

*Counterclaim.*

In an action to recover a certain sum alleged to have been obtained by defendant from plaintiff by duress of imprisonment upon a void warrant for fornication with a daughter of defendant, and by threats of further prosecution for the same, the answer set up a counterclaim for the debauchery of defendant's said daughter, and getting her with child, by which defendant had lost her services, etc. *Held,* that the cause of action so alleged in the answer did not "arise out of the transaction set forth in the complaint as the foundation of the plaintiff's claim," and was not "connected with the subject of the action," and was not pleadable as a counterclaim thereto, though plaintiff was alleged to be insolvent.

APPEAL from the Circuit Court for *Green* County.

The plaintiff appealed from an order overruling his demurrer to a counterclaim set up in the defendant's answer. The case is stated in the opinion.

*B. Dunwiddie,* for the appellant.

For the respondent there was a brief by *Winans & Fethers,* and oral argument by *Mr. Winans.* In support of the counterclaim they cited *Glen and Hall Manuf. Co. v. Hall,* 61 N. Y., 226, 236–7; 52 Barb., 132; 27 Ind., 4; *Vilas v. Mason,* 25 Wis., 310; *McArthur v. Canal Co.,* 34 id., 139; 35 id., 618. To the point that, the plaintiff being insolvent, the counterclaim should be allowed under the equity powers of the court, they cited R. S., sec. 2657; *Hiner v. Newton,* 30 Wis., 640; *Lindsey v. Jackson,* 2 Paige, 581.

ORTON, J. The complaint charges the defendant with having obtained from plaintiff the sum of $1,650 by duress of imprisonment upon a void warrant for fornication with one Mary Jane Swartz, the daughter of the said defendant, and by threats of future and further prosecution for the same. The answer sets up a counterclaim for the debauchery of said Mary

Jane, as the infant daughter of the defendant, and for begetting a bastard child upon her, by which said defendant has lost her services, and been put to expense for care and medical attendance. To this counterclaim there was a demurrer that the cause of action stated therein is not pleadable as a counterclaim to said action, and said demurrer was overruled. This counterclaim is sought to be upheld by subdivision 1 of section 2656, R. S., as "a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action." It is almost too clear for argument that this counterclaim does not arise out of the transaction set forth in the complaint, and that it is not connected with the subject of the action; for the transaction set forth in the complaint is the duress of imprisonment and threats, by which the defendant obtained the money of the plaintiff, and the subject of the action is the same, and the charge in the warrant, of fornication, is denied, and alleged to be a mere pretext for the purpose of obtaining the money. The counterclaim in *Noonan v. Orton*, 30 Wis., 356, comes much nearer to one arising out of the transaction and connected with the subject of the action, and it was held not within the statute.

A counterclaim, under these clauses of the statute, must be something which resists or modifies the plaintiff's claim. It is in the nature of a cross-bill in equity. It embraces both recoupment and set-off. To be available to a party, it must afford to him protection in some way against the plaintiff's demand for judgment. 7 Wait's Act. & Def., 531; *Leavenworth v. Packer*, 52 Barb., 132; *Vassear v. Livingston*, 13 N. Y., 248; *Pattison v. Richards*, 22 Barb., 143; *Mattoon v. Baker*, 24 How. Pr., 329; *National F. Ins. Co. v. McKay*, 21 N. Y., 191.

In *Dietrich v. Koch*, 35 Wis., 618, this court has adopted the above tests of a counterclaim, and the language of the opinion in *Ins. Co. v. McKay, supra,* is approvingly quoted in the opinion of Mr. Justice Lyon as follows: "I apprehend

that a counterclaim, when established, must in some way qualify, or must defeat, the judgment to which the plaintiff is otherwise entitled;" and it is then said in the opinion: "That the New York courts have held correctly on this subject, we entertain no doubt whatever. We are unable to perceive that the counterclaim here interposed, if established, can qualify or in any manner affect the plaintiff's cause of action." This language is strictly applicable to the counterclaim interposed to this action. The plaintiff's claim to recover the money obtained from him by duress is entirely exclusive and independent of anything set up in this part of the answer, and he is entitled to judgment for the whole thereof, notwithstanding anything stated therein. There is no possible connection between the cause of action in the complaint and the counterclaim. This counterclaim cannot be sustained outside of the statute upon principles of equity; for neither the action nor the counterclaim is in any sense equitable. The insolvency of the plaintiff, if allowed in this case as a reason for sustaining the counterclaim, would be sufficient to sustain any independent cause of action as such. The demurrer to the counterclaim ought to have been sustained.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.