### LEYSER *v.* RINDSKOPF and others.

Filed January 30, 1885.

SET-OFF—ASSUMPSIT—DAMAGES—ATTACHMENT.
>    Under a statute limiting the right of set-off to causes of action "in favor of defendant arising out of the contracts or transactions set forth in the declaration, or connected with the subject of the action," the defendant in *assumpsit* for goods sold and delivered cannot plead damages for an unsuccessful attachment for the same debt six months after the sale was consummated.[1]

Error to Second judicial district, Sorocco county.

*Fiske & Warren*, for plaintiff in error.

*Neill B. Field*, for defendants in error.

WILSON, J. This was an action of *assumpsit*, commenced in the court below upon a declaration containing the common counts in *indebitatus assumpsit*. The defendant below filed the usual plea of *non-assumpsit*, and also pleaded specially that he had a cause of action against the plaintiffs below for damages sustained by reason of the plaintiffs below having sued out an attachment prematurely, to recover for the same goods, etc., sued for in the action of *assumpsit*. The facts set forth in the plea were not denied. The plaintiffs demurred to the special plea, and, upon hearing, the court sustained the demurrer. The only question in this case is, did the court below commit error in rejecting the defendant's defense contained in his special plea? Set-off in this territory is regulated by statute, which provides that a defendant may plead, as a set-off or counter claim, "a cause of action in favor of the defendant arising out of the contracts or transactions set forth in the declaration or connected with the subject of the action." The statute had been more liberal, and permitted the defendant to set off any cause of action which he held against the plaintiff which

[1] See note at end of case.

was matured at the time of pleading.   This liberality, upon experiment, was found to operate injuriously or unsatisfactorily, and after a trial of some two years the legislature repealed the clause last stated.   It is not claimed by the plaintiff in error that ordinary actions of tort can be set off under the existing statute; but it is claimed that the action offered to be set off, although tort, had the merit of arising out of the contract upon which the plaintiff claimed to recover in the action of *assumpsit*, or was connected with the subject of the action.   Counsel for plaintiff in error have cited several Texas cases, some of them, apparently, much like the case under consideration. But it is not shown how nearly, if at all, the Texas statute of set-off is like the statute in this territory; and what is equally unsatisfactory to me, is that the reasoning of the judges of Texas, added to the elaborate argument of the counsel, was unsuccessful in bringing the reasons for their conclusions to my comprehension.

It is still an unsolved problem in my mind how an unsuccessful attachment was connected with a sale and purchase of goods that had been consummated six months before the writ of attachment was issued or executed.   If this theory be true, then, if an action of trespass had been commenced by the defendant below, in the language of Chief Justice HEMPHILL, in 14 Tex. 669, (*Wiley* v. *Traiwick*,) for "wrongfully, maliciously, and oppressively" suing out the attachment, and levying the same on his goods and effects, then the claim for the value of the goods sued for in the *assumpsit* suit would have been a proper subject of set-off in the action of trespass, for the reason that it arose out of the same transaction or was connected with it.   This position would hardly have been sustained by the Texas court, yet I am not able to see why it would not be a necessary result, upon the same basis of reasoning.   The case in 3 Metc. (Ky.) 121, (*Nolle* v. *Thompson*,) is, in facts and principle, identical with the case under consideration. There, as here, an attachment had been sued out to secure the claim that was in controversy in the action pending between the parties. The attachment there, as in this case, had been wrongfully sued out and levied.   There, as here, the defendant pleaded it specially as a set-off, with the additional allegations that the plaintiffs were non-residents, and had no property out of which he could make the damages asked to be set off.   Judge DUVALL, in refusing to allow the set-off, said:

"Now, the cause of action attempted to be set off did not arise out of the contract set forth in the petition as the foundation of the plaintiffs' claim; nor can it be said to have arisen out of any transaction set forth in the petition as the foundation of the action.   On the contrary, the matters alleged in the counter-claim are wholly foreign to anything constituting the foundation or subject of the plaintiffs' claim.   The debt due upon the note sued on constitutes the only foundation or subject of the action, and the facts set up in the answer have no connection with that debt, and relate exclusively to the remedy or mode of proceeding adopted by the plaintiffs to enforce the collection of the debt."

While the Texas cases and the Kentucky case are all entitled to great respect and profound consideration, yet neither of them is binding on us further than the reasoning convinces our judgment. The case in 3 Metc., (Ky.,) above cited, being in facts and principle like the case under consideration, and the reasoning of the judge in that case being in harmony and accord with ours, we arrive at the same conclusion: that the set-off offered in the court below was properly refused. The error assigned is overruled, and the judgment of the court below is affirmed.

AXTELL, C. J., concurs.

NOTE.

SET-OFF—SAME TRANSACTION—SUBJECT OF THE ACTION. A suit on a promissory note given in final settlement of an account between the parties may be met by a plea of set-off as well as any other note; and the averments of the plea of set-off are sufficient when they disclose a cause of action which would be sufficient if embodied in a declaration. Staab v. Garcia y Ortiz, 3 N. M. 53, 1 Pac. Rep. 857. In a suit on the bond of a deputy postmaster to recover the amount of a defalcation, the postmaster's unaudited claim against the government cannot be pleaded as a set-off. U. S. v. Howland, 1 N. M. 550.

Where one who has contracted to purchase land brings an action against the executor of his deceased vendor to recover earnest money paid, on the ground that the land may possibly be sold to pay debts, it is proper to plead a counter-claim for specific performance of the contract. Such counter-claim is based on the contract set forth in the complaint. Moser v. Cochrane, (N. Y.) 13 N. E. Rep. 442. Under a statute allowing a counter-claim of "a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claims, or connected with the subject of the action," it is allowable, where the complaint alleges title and possession in plaintiffs, and prays to enjoin defendant from committing waste, and for general relief, to set up, by way of counter-claim, title and exclusive possession in defendant, and to ask to have title adjudged in him. Title and possession are the "subject of the action." Grignon v. Black, (Wis.) 45 N. W. Rep. 122. But in *California* it is held under a like statute that where the complaint alleges defendant's unlawful entry, and ouster of plaintiff, and asks damages, rents, and profits, it is improper to plead a counter-claim alleging defendant's ownership, a contract by which plaintiff became his tenant, and asking rent for use and occupation. Carpenter v. Hewel, 8 Pac. Rep. 314. In an action for trespass by cutting timber on plaintiff's land, a counter-claim for damages to defendant's land by reason of plaintiff's act in raising a mill-dam so as to overflow it is not "connected with the subject of the action," and cannot be maintained. Bazemore v. Bridgers, (N. C.) 10 S. E. Rep. 888. But where an attorney in fact has conveyed to himself land covered by his power of attorney, and is sued by his principal to set aside the deed, his answer that the land was originally bought by himself and his principal together, that he furnished all the money though title was taken in the principal's name, sets up new matter "connected with the subject of the action," and is therefore a good counter-claim. Davis v. Davis, (Mont.) 23 Pac. Rep. 715.

In an action upon a judgment against plaintiff and others, plaintiff compromised the claim against him, and took from defendant a bond of indemnity against any payments he might have to make on account of the suit or the claims on which it was based. Afterwards defendant repudiated the compromise, alleging fraud, and brought another suit against plaintiff on the claim. That suit was dismissed, whereupon plaintiff brought this suit upon the bond to recover costs and expenses therein incurred. Defendant set up a counter-claim, alleging fraud in procuring his signature to the bond, and asking damages therefor. Held, the counter-claim was good as "arising out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action." Thompson v. Sanders, (N. Y.) 23 N. E. Rep. 374. And under the *New York* statute it is allowable, in an action for breach of contract of partnership, to counter-claim upon the allegation that plaintiff did not bring to the firm the amount and kind of business he had agreed to when the partnership was formed; but a counter-claim for an accounting and adjustment of the partnership affairs is not good, because an equitable cause of action cannot be set off against a legal demand. Church v. Spiegelburg, 31 Fed. Rep. 601. Under a like statute it was held that in an action to recover a certain sum alleged to have been obtained from plaintiff through duress of imprisonment upon a void warrant for fornica-

tion with defendant's daughter, and by threats of further prosecution for the same, a counter-claim for debauching her, and getting her with child, whereby defendant lost the use of her services, was not allowable. Heckman v. Swartz, (Wis.) 12 N. W. Rep. 439. In *Minnesota*, the court held that the statute allowing counter-claims should be liberally construed; and that in an action for rent the tenant may counter-claim for the wrongful interference by the landlord with his enjoyment of the rented premises. This claim is "connected with the subject of the action." Goebel v. Hough, 2 N. W. Rep. 847. But, in an action for goods sold and delivered, defendant cannot counter-claim against plaintiff for maliciously bringing an action for the price, and attaching his goods, before the debt was due. The court says: "If the cause of action alleged in the answer is one solely for malicious prosecution, depending for its existence on malice and want of probable cause, it is an action for tort. It does not arise out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim; nor is it connected with the subject of the action, but is an entirely independent cause of action, arising upon facts subsequent to and independent of those on which plaintiff's cause of action rests. Such is the nature of the cause of action, unless the bringing prematurely of the action for the price of the goods was such a breach of the contract of sale that a cause of action would thereupon arise in favor of the defendant. Malice or good faith in bringing such an action would not affect that question. * * * The case is different from Goebel v. Hough, supra, for in that case the wrongful act of the plaintiff constituted a breach of the covenant for quiet enjoyment in the lease upon which the action was brought." Schmidt v. Beckenbah, 12 N. W. Rep. 349.

Under a similar statute it is held in *Arkansas* that, in an action by a prison guard against the keeper of the penitentiary for damages for an assault and battery committed immediately upon the discovery that the guard had just allowed a number of convicts to escape from his charge, the damage caused the keeper by such escape is not a proper subject of counter-claim. After reviewing the authorities at considerable length, the court says: "The subject of this action was the right of Massey to immunity from personal violence. The breach or infringement of that right constituted his cause of action. The cause of action of defendant, which was the escape of three convicts through the alleged negligence of Massey, had no connection whatever, direct or remote, with the subject of this action, and was not a proper subject of counter-claim." Ward v. Blackwood, 3 S. W. Rep. 624.

In an action on a bond given to secure the purchase price of a horse, it is allowable to set off damages for a breach of warranty of the soundness of the horse, and of an agreement to keep him insured for one year. Such claim was held to arise from the "transaction set forth in the complaint as the foundation of plaintiff's claim." McKinnon v. Morrison, (N. C.) 10 S. E. Rep. 513. And in an action for the possession of a schooner, alleged to have been wrongfully detained by defendant, with damages for its detention, a claim for services rendered in caring for such schooner is "connected with the subject-matter of the action," and may be pleaded as a set-off. Lapham v. Osborne, (Nev.) 18 Pac. Rep. 881.