WHITE, Respondent, vs. SMITH and another, Appellants.

*November 9—December 13, 1907.*

*Pleading: Complaint: Amendment: Answer: Counterclaim: Demurrer: Dismissal.*

1. Plaintiff, within the time allowed by law after the service of answers containing counterclaims, amended her complaint and demanded the identical relief sought by the counterclaims. The defendants served no answers aside from those served by them to the original complaint. *Held:*

    (1) The amended complaint became the complaint in the action.

    (2) The original answers became the answers to the amended complaint.

    (3) The relief demanded and which could be awarded upon the counterclaims being identical with that demanded and which could be granted upon the complaint, the allegations of counterclaims in the original answers did not constitute counterclaims as contemplated by the Code.

    (4) The counterclaims stated no grounds for relief which could in any way resist, modify, or defeat plaintiff's claim, or protect defendants against the judgment to which plaintiff was

entitled upon the cause of action alleged in her amended complaint.

(5) Demurrers to the counterclaims upon the ground that the facts alleged did not constitute a cause of action and that the facts alleged were not pleadable as a counterclaim were properly sustained.

2. In such case it is no ground for overruling such demurrers that plaintiff might refuse to prosecute the complaint to judgment, since, should plaintiff attempt to dismiss, it would rest with the court to determine whether she would be permitted to do so unconditionally, and whether upon defendant's application the counterclaims should then be reinstated.

TIMLIN and DODGE, JJ., dissent.

APPEAL from orders of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This action is brought to reform a written contract for the sale of real estate so that it may express the agreement of the parties. Plaintiff is the vendor, the defendant *Smith* is vendee, and the defendant *Stickle* holds an assignment of the contract from the defendant *Smith* as collateral security for money loaned the defendant *Smith* upon the contract. The contract provides for a present payment of part of the purchase price of the land and for the payment of the balance at certain times and in certain amounts. The contract as written provides, regarding the second and third of these deferred payments, that payment shall be made "five hundred dollars ($500) or a part thereof on or before four (4) years from date hereof; five hundred dollars ($500) or a part thereof on or before five (5) years from date hereof." The original complaint alleged that the parties had agreed and that the contract should provide that the defendant *Smith* should have the privilege at any time of making payments with the consent of the plaintiff on the second and third of the deferred payments of less than the full amount. The answers of both defendants allege that the agreement regarding these two deferred payments was that the defendant *Smith,* without respect to the plaintiff's consent to re-

ceive a smaller amount, might make payments of less than the $500 at any time; and, relying upon these facts by way of counterclaim, they asked reformation of the contract so that it should express such an agreement. The defendant *Smith* also alleges a counterclaim against the plaintiff by reason of the plaintiff having removed certain personal property from the land, contrary to a verbal agreement made at the same time as the land contract. Plaintiff filed an amended complaint asking reformation of the contract, as demanded in the answers and counterclaims, so that it should provide that the defendant *Smith* might make smaller payments than $500 on the second and third deferred payments, thus alleging a mistake which is identical with the allegations of the defendants' counterclaims and asking the same relief. The amended complaint also alleges that plaintiff's counsel, in framing the original complaint, stated it, respecting the agreement of the parties concerning these two deferred payments, in accordance with the claim, as they apprehended it, of the defendants' attorneys. The defendants served no amended answers and rest on their answers as served to the original complaint. This is an appeal from the orders of the court sustaining the demurrers of the plaintiff to the counterclaims asking reformation, as set up in the answers of the defendants.

The cause was submitted for the appellants on the briefs of *Tenney, Hall & Tenney,* and for the respondent on the brief of *Buell & Lucas.*

SIEBECKER, J. It is apparent from the pleadings that plaintiff and defendants allege the same cause of action, respectively, in the amended complaint, and in the answer by way of counterclaim, and that the relief demanded by them is identical. The controversy arises as to defendants' right to insist upon the cause of action by way of counterclaim first pleaded by them in their answers to the original complaint

and before plaintiff amended her complaint to conform to the state of facts alleged in the counterclaims. Plaintiff's right to amend the complaint is not questioned. Having availed herself of this right, the amended complaint becomes the complaint in the action. Defendants served no answers aside from the ones served by them to the original complaint. This, therefore, stands as the answer to the amended complaint. *Yates v. French,* 25 Wis. 661; *Ellison v. Straw,* 119 Wis. 502, 97 N. W. 168.

Plaintiff demurs to the counterclaims here in question upon the ground that the facts alleged do not constitute a cause of action and that the facts alleged are not pleadable as a counterclaim. It has been the rule from an early date that the counterclaim contemplated by the Code "must be something which resists or modifies the plaintiff's claim. It is in the nature of a cross-bill in equity. . . . To be available to a party, it must afford to him protection in some way against the plaintiff's demand for judgment." *Heckman v. Swartz,* 55 Wis. 173, 12 N. W. 439; *Dietrich v. Koch,* 35 Wis. 618. It has been held, "in pursuance of former New York decisions inhering in the statute when adopted by us, that a demand may be pleaded as counterclaim only when, if established, it would in some way qualify or defeat the judgment to which the plaintiff would otherwise be entitled." *Kaukauna E. L. Co. v. Kaukauna,* 114 Wis. 327, 89 N. W. 542; *Weatherby v. Meiklejohn,* 56 Wis. 73, 13 N. W. 697; *Telulah P. Co. v. Patten P. Co.* 132 Wis. 425, 112 N. W. 522. Since the relief demanded and which can be awarded upon the counterclaims is identical with that which is demanded and must be granted upon the complaint, it must follow, under the rule of the above cases, that the allegations of the counterclaims do not constitute counterclaims as contemplated by the Code.

It is urged that the counterclaims should stand because plaintiff may refuse to prosecute the complaint to judgment

White v. Smith, 133 Wis. 641.

and thus deprive the defendants of the relief they seek in the action. Should plaintiff attempt to dismiss it, it would still rest with the court to determine whether she would be permitted to do so unconditionally, and whether upon defendants' application their counterclaims should then be reinstated. This, however, need not be determined until such a situation actually arises. Under the rules applicable to the actual state of the pleadings now before us, we are led to the conclusion that the alleged counterclaims state no grounds for relief which can in any way resist, modify, or protect defendants against the judgment to which plaintiff is entitled upon the cause of action alleged by her. The trial court properly sustained the demurrer to the counterclaims involved on this appeal.

*By the Court.*—The orders appealed from are affirmed.

TIMLIN, J. (*dissenting*). The plaintiff brought this suit to reform a land contract which by mutual mistake did not express the true agreement. The defendants answered and also pleaded counterclaims for reformation in a different way, but on the ground of mutual mistake occurring at the same time and in the same negotiations referred to in the complaint. These counterclaims were authorized by statute, sec. 2656, Stats. (1898), and were also within the rule of *Dietrich v. Koch,* 35 Wis. 618. Thereupon and within the time allowed by law the plaintiff amended her complaint so as to abandon her first claim to reformation and adopt that of the defendants and seek the identical relief by reformation sought by the counterclaims. She then demurred to the counterclaims, contending that by reason of her amendment the counterclaims were not within the rule of *Dietrich v. Koch* because they did not qualify or modify the demand of the amended complaint. These demurrers were upon this ground sustained by the court below and that ruling is affirmed by the majority opinion. I consider this decision a

bad precedent because, notwithstanding the amendment of the complaint, the counterclaims are still within the statute because they arise out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim (sec. 2656), and are still within the rule of *Dietrich v. Koch,* *supra,* because they tend to qualify or defeat the judgment to which the plaintiff would be otherwise entitled by establishing that the defendants, not the plaintiff, are entitled to that relief, equity having first, at defendants' instance, taken cognizance thereof upon defendants' counterclaims.

DODGE, J. I concur in the dissenting opinion of Mr. Justice TIMLIN.