RICHARD C. KELLY, District Attorney Juneau County
You have asked my opinion regarding the applicability of sec. 59.971, Stats., the shoreland zoning statute, to drainage ditches. Specifically, you ask:
 "1. Under Section 59.971, Stats., can a county zone lands within 300 feet from a drainage ditch or to the landward side of the floodplain of the ditch, whichever distance is greater? In giving your opinion you can assume that the ditches carry enough water to be classified as navigable — i.e. capable of floating any boat, skiff or canoe of the shallowest draft used for recreational purposes.
 "II. Should a distinction be drawn between navigable drainage ditches that originally were navigable streams before *Page 58 
ditching, navigable drainage ditches that originally were nonnavigable streams before ditching and navigable drainage ditches that had no previous stream history?"
You have concluded that the first question should be answered "Yes" and the second question should be answered "No." I agree with your conclusions.
Your questions involve secs. 59.971 and 144.26, Stats., the relevant portions of which are quoted as follows:
 "59.971 Zoning of shorelands on navigable waters. (1) To effect the purposes of s. 144.26 and to promote the public health, safety and general welfare, counties may, by ordinance enacted separately from ordinances pursuant to s. 59.97, zone all lands (referred to herein as shorelands) in their unincorporated areas within the following distances from the normal high-water elevation of navigable waters as defined in s. 144.26 (2) (d): 1,000 feet from a lake, pond or flowage; 300 feet from a river or stream or to the landward side of the flood plain, whichever distance is greater. If the navigable water is a glacial pothole lake, the distance shall be measured from the high watermark thereof.
"144.26 Navigable waters protection law.
"* * *
 "(2) In this section, unless the context clearly requires otherwise:
"* * *
 "(d)`Navigable water' or `navigable waters' means Lake Superior, Lake Michigan, all natural inland lakes within Wisconsin and all streams, ponds, sloughs, flowages and other waters within the territorial limits of this state, including the Wisconsin portion of boundary waters, which are navigable under the laws of this state."
The facts giving rise to this request are stated by you as follows:
 "The little Yellow Drainage District, which is located in Juneau County, contains a large number of drainage ditches which empty into the Yellow and Wisconsin Rivers. A few of *Page 59 
these ditches carry enough water to be labeled `navigable'. Recently, a gentleman purchased real estate on such a drainage ditch and now wishes to install a septic system within 300 feet of the ditch."
Your legal analysis of the above-quoted statutes, as applied to these facts, is stated in your letter as follows:
 "Are said ditches `navigable' within the meaning of Section 146.26 (2)(d)? The key words in Section 146.26 (2)(d) are `other waters'. The words `other waters' are broad enough to include water running in a drainage ditch.
 "The statute (section 146.26 (2) (d)) restricts the definition to `natural inland lakes' thereby excluding artificial inland lakes. However, the legislature did not include the word natural in listing stream, ponds, sloughs, flowages and other waters. Presumably, the legislature did not intend to exclude artificial streams, a good term to describe the drainage ditches in question, from the definition of `navigable waters'.
 "Interpreting the statute to allow counties to include navigable drainage ditches in the County Shoreland and Flood Plain Zoning is consistent with the stated purposes of the statute to further the maintenance of safe and healthful conditions and prevent and control water pollution. To accomplish these purposes, no valid distinction can be drawn between natural and artificial streams, that carry sufficient water to be classified as navigable and that drain into larger bodies of water such as the Yellow and Wisconsin Rivers."
I agree with your analysis, and find it entirely consistent with Wisconsin cases that I have analyzed.
As early as 1882, the Wisconsin Supreme Court held that artificial waterways which are connected to a navigable stream or lake would take on the same legal characteristics as a natural navigable stream:
 ". . . Whether such is the law in all cases or not, it would seem that an artificial watercourse may be made under such circumstances as to confer all such rights as a riparian owner would have had in the case of a natural stream . . . ." Weatherby v. Meiklejohn, et al. (1882), 56 Wis. 73, 77, 13 N.W. 697. *Page 60 
The court held similarly in Lathrop v. Racine (1903), 119 Wis. 461,466, 97 N.W. 192. In 55 OAG 61, my predecessor stated the opinion that the state's duty to preserve the public trust in navigable waters extends to bodies of water that were artificially produced. 55 OAG at 68. And the Wisconsin Supreme Court recently held that the legislature, in enacting secs. 59.971 and 144.26, Stats., was carrying out its duties under the public trust in navigable waters. Just v. Marinette County
(1972), 56 Wis.2d 7, 18, 201 N.W.2d 761.
It is, therefore, my opinion that counties can zone lands, pursuant to sec. 59.971, Stats., within 300 feet of a drainage ditch that is navigable under the laws of the State of Wisconsin. A drainage ditch that carries enough water to float a boat, skiff or canoe of the shallowest draft used for recreational purposes would be navigable under Wisconsin law. Diana Shooting Club v.Husting (1914), 156 Wis. 261, 271, 145 N.W. 816.
RWW:SMS