PELTON, Appellant, vs. POWELL, Respondent.

*May 24 — June 11, 1897.*

*Counterclaim in action for tort: Assault and battery.*

96 473
Case 2
d114 593
67 ApD 413

Under secs. 2655, 2656, R. S. (providing that a defendant may plead as a counterclaim "a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action "), the defendant in a civil action for assault and battery may set up as a counterclaim a cause of action for a prior assault committed upon him by the plaintiff, in defending himself from which the defendant committed the assault for which the action was brought.

APPEAL from an order of the circuit court for Sauk county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

Pelton vs. Powell. ·

The facts are stated in the opinion.

For the appellant the cause was submitted on the brief of *G. Stevens.*

For the respondent there was a brief by *Olin & Butler,* and oral argument by *W. W. Allen.* To the point that a counterclaim for tort, in a tort action, may be set up provided it answers the other requirements of the statute, they cited Phillips, Code Pl. § 251; Bliss, Code Pl. § 372; *Slone v. Slone,* 2 Met. (Ky.), 339; *Heigle v. Willis,* 50 Hun, 588; *Glenn & H. Mfg. Co. v. Hall,* 61 N. Y. 226; *Carpenter v. Manhattan L. Ins. Co.* 22 Hun, 49; *S. C.* 93 N. Y. 552; *Chamboret v. Cagney,* 2 Sweeney, 378; *Brown v. Buckingham,* 21 How. Pr. 190; *Xenia Branch State Bank v. Lee,* 2 Bosw. 694; *Grange v. Gilbert,* 44 Hun, 9; *Bitting v. Thaxton,* 72 N. C. 541; *Walsh v. Hall,* 66 id. 233; *Tinsley v. Tinsley,* 15 B. Mon. 454; *Branch v. Chappell,* 119 N. C. 81; *Barholt v. Wright,* 45 Ohio St. 177, 181; *Lee v. Eure,* 93 N. C. 5, 9; *Green v. Parsons,* 14 N. Y. St. Rep. 97; *Ainsworth v. Bowen,* 9 Wis. 348; *Gilbert v. Loberg,* 86 id. 661; *McArthur v. Green Bay & M. Canal Co.* 34 id. 139.

CASSODAY, C. J. This action was brought to recover damages for assault and battery alleged to have been committed upon the plaintiff by the defendant, June 15, 1896, and the complaint simply sets forth that cause of action and demands judgment for the damages claimed. After alleging that, just before the assault mentioned in the complaint, the plaintiff assaulted the defendant, the answer, by way of counterclaim, alleges, in effect, that June 15, 1896, the plaintiff, with force and arms, unlawfully and maliciously made an assault upon the defendant, and did beat, bruise, pound, and ill-treat him, so as to cause him to be sick, sore, and lame, and inflicted great suffering upon him, to his damage in the sum of $1,000, and that during the affray the defendant, in the necessary defense of his own person, struck

Pelton vs. Powell.

the plaintiff, but used no more force than was necessary to protect himself from continued violence of the plaintiff, and that the blow so struck by the defendant in self-defense is the same assault and battery complained of in the complaint. To such counterclaim the plaintiff demurred upon the ground and for the reason that the same was not pleadable as a counterclaim in the action. From the order overruling such demurrer the plaintiff brings this appeal.

Eliminating from our statutes what is inapplicable to the case at bar, and they provide, in effect, that an answer may contain " a statement of any new matter constituting a . . . counterclaim . . . in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of . . . a cause of action arising out of the contract *or transaction* set forth in the complaint, as the foundation of the plaintiff's claim, *or connected with the subject of the action*." R. S. secs. 2655, 2656. Counsel contends that the word " transaction " should be construed to apply only to such transactions " as are in the nature of contracts," if not strictly contracts. But the manifest purpose of the statute was to allow parties to the same suit to settle in such suit, as far as convenient and practicable, all controversies arising out of the same contract *or transaction* set forth in the complaint, *or connected with the subject of the action*. Such is, in effect, the construction which this court has repeatedly put upon the statutes. *Vilas v. Mason,* 25 Wis. 310; *McArthur v. Green Bay & M. Canal Co.* 34 Wis. 139; *Gilbert v. Loberg,* 86 Wis. 661; *Collins v. Morrison,* 91 Wis. 324. The provisions of the statutes quoted manifestly do not limit counterclaims to causes of action arising out of contracts or transactions in the nature of contracts. If additional authorities are wanted in support of this proposition, they can be found in the brief of the learned counsel for the defendant. We must hold that the counterclaim was properly pleaded in this action.

*By the Court.*— The order of the circuit court is affirmed.