Powell, Appellant, vs. Powell, Respondent.

*March 25—April 13, 1915.*

*Slander: Counterclaim.*

In an action for slander the defendant may counterclaim for a
slander uttered at the same time and place as the slander set up
in the complaint. The entire word-encounter is in such case
the "transaction," within the meaning of sec. 2656, Stats.

Appeal from an order of the circuit court for Sauk county:
James O'Neill, Judge. *Affirmed.*

This action was brought to recover damages for slander.
The complaint sets up three separate causes of action. The
defendant answered, setting up two counterclaims, to each of
which the plaintiff demurred.

The court sustained the demurrer as to the second counter-
claim and overruled it as to the first.

The plaintiff assigns error in overruling the demurrer to
the first counterclaim, which is as follows:

"Further answering the allegations of the first cause of
action in said complaint contained, and as and for a counter-
claim thereto, the defendant alleges that on the 6th day of
May, 1913, at the time and place and as a part of the conver-
sation therein referred to, the said plaintiff in the presence
and hearing of one Floyd Darrow, Lula Powell, Elmina Pow-
ell, Albert Wagner, and other persons, did maliciously speak
and publish to, of, and concerning this defendant the follow-
ing false and scandalous defamatory words, to wit: 'You are
a pup, the biggest pup that ever lived;' thereby charging and
intending to charge that this defendant was a person of low,
mean, and disreputable character and habits. That in addi-
tion to said false and defamatory words, and on the same date
and under the same circumstances and in the hearing of the
same persons, the plaintiff did maliciously speak and publish
to, of, and concerning the defendant the following false, scan-
dalous, and defamatory words, to wit: 'Where is that watch
you stole from your father?' thereby charging and intending

to charge that the defendant stole his father's watch; and defendant further shows as a part of his said counterclaim that by reason of the utterance of such false and defamatory words the defendant has suffered great damage to his reputation and great mental anguish, all to his damage in the sum of two thousand dollars ($2,000)."

For the appellant the cause was submitted on the brief of *Grotophorst, Evans & Thomas.*

For the respondent there was a brief by *James A. Stone,* attorney, and *John A. Aylward,* of counsel, and oral argument by *Mr. Aylward.*

KERWIN, J. The first cause of action charged that on May 6, 1913, "in the town of Excelsior, county of Sauk, state of Wisconsin, the defendant, in the presence and hearing of Floyd Darrow, Lula Powell, the plaintiff's wife, and others, maliciously spoke of and concerning the plaintiff the following false and defamatory words: 'You stole straw from your mother. You are a thief.'

"Further complaining, plaintiff alleges that by reason of the utterance of such false and slanderous words the plaintiff has suffered a great damage to his reputation and has suffered a great mental anguish, and has been damaged in the sum of two thousand dollars ($2,000)."

To this cause of action the defendant set up the counterclaim set forth in the statement of facts.

The decisions of this court construing the Code favor settling all controversies, so far as may be, in one action. In an action by plaintiff for assault and battery committed by the defendant on him, an assault by plaintiff on defendant in the same affray was held pleadable. *Pelton v. Powell,* 96 Wis. 473, 71 N. W. 887; *Gutzman v. Clancy,* 114 Wis. 589, 90 N. W. 1081. If in the same encounter, in an action by plaintiff for assault and battery, defendant may counterclaim for assault and battery committed on him, it seems clear that

in a slander action the defendant may plead a slander arising at the same time and place as the slander set up in the complaint. It has been held by this court that the word "transaction" in sec. 2656, Stats., as applied to assault and battery cases, includes the entire physical encounter. *Pelton v. Powell, supra; Gutzman v. Clancy, supra.* It seems plain, therefore, that in slander cases "transaction" must include the entire word-encounter.

In *Pelton v. Powell, supra,* it was sought to limit "transaction" to contract relation, but that contention was overruled. Page 475. If the counterclaim grows out of the same transaction and also defeats or modifies the plaintiff's claim, it may be pleaded under Wisconsin decisions. *Dietrich v. Koch,* 35 Wis. 618; *Weatherby v. Meiklejohn,* 56 Wis. 73, 13 N. W. 697; *Heckman v. Swartz,* 55 Wis. 173, 12 N. W. 439. As to meaning of "transaction" as defined by this court, see *Emerson v. Nash,* 124 Wis. 369, 382, 102 N. W. 921; *McArthur v. Moffet,* 143 Wis. 564, 128 N. W. 445. True, there is some conflict of authority, as pointed out in *Gutzman v. Clancy,* 114 Wis. 589, 90 N. W. 1081, and *Wrege v. Jones,* 13 N. Dak. 267, 100 N. W. 705. We think, however, that this case is ruled by former decisions of this court heretofore cited, therefore the order of the court below is right and must be affirmed.

*By the Court.*—The order appealed from is affirmed.