THE METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, RESPONDENT, v. LEHIGH VALLEY RAILROAD COMPANY, APPELLANT.

Argued November 21, 1919—Decided March 1, 1920.

1. The Practice act (*Pamph. L.* 1912, *p.* 377) by its terms shall be liberally construed. Under paragraphs 4 and 6 it is not error for the trial judge to order twelve separate cases against the same defendant consolidated, for the purpose of trial and tried before the same jury, where the damages in each case grew out of the same fire and explosion, the "Black Tom Explosion."
2. The words in that statute, "the same transaction or series of transactions," are not limited or confined to actions arising out of contracts; a contract is a transaction, but a transaction is not necessarily a contract, within the meaning of that statute, when liberally construed.

---

On appeal from the Supreme Court.

For the appellant, *Collins & Corbin, Gilbert Collins, Lindley M. Garrison, George S. Hobart,* and *Edgar H. Boles* and *Richard W. Barrett* (of New York).

For the respondent, *Congleton, Stallman & Hoover, Edwin F. Smith, Jerome T. Congleton* and *Maximilian M. Stallman.*

The opinion of the court was delivered by

BLACK, J.    The facts involved in this case including eleven others are quite fully set out in the opinions of Mr. Justice Kalisch in this court, in the cases of *New Jersey Fidelity and Plate Glass Ins. Co.* v. *Lehigh Valley Railroad Co.*, 92 *N. J. L.* 467, and *Howell* v. *Lehigh Valley Railroad Co., ante p.* 213. The fundamental and meritorious questions raised in this record are there discussed and decided. The remaining question common to the twelve cases now open to discussion is this: The trial judge ordered the twelve cases to be consolidated for the purpose of the trial and tried before the same jury, against the objection of the defendant. The problem therefore presented for solution is, was this error? There is in the Clark case one other point involved, viz., was it error to admit evidence as to the amount of the uncollected freight moneys of the schooner "Walcott?" This point is discussed and decided in a separate opinion in the Clark case. To make clear the point involved, these facts should be stated. There were twelve separate suits, brought by twelve separate plaintiffs, against the same defendant to recover losses resulting from the same fire and explosion. The fire and explosion occurred at the terminal yard of the defendant company in Jersey City, early in the morning of Sunday, July 30th, 1916, known as the "Black Tom Explosion." The same evidence was necessary in all the cases to prove the facts, on the part of the plaintiffs. The same evidence introduced by the defendant applied to all the plaintiffs. Ten of the suits were to recover damages for window glass destroyed by the explosion, one, the Clark case, was brought to recover for the loss of the schooner "Walcott," which was burned, while tied up at pier No. 6 behind the warehouse and to recover freight due on her cargo. Another, the Allen case, was brought by the schooner's steward to recover for injuries received and personal property destroyed by the fire and explosion. With the exception of the Clark and Allen cases, the damages in all the other cases for the glass were stipulated and agreed to, being shown by schedules and supporting affidavits.

The first point urged by the defendant, against the order of consolidation made by the trial judge in these cases, is that at common law, the court had no power to make such an order in separate actions, wherein, the plaintiffs and the issues are different, even though the suits may all be against the same defendant and grow out of the same fire and explosion; in support of that position, the counsel for the defendant cites these cases from our courts: *Den* v. *Kimble,* 9 *N. J. L.* 335; *Worley* v. *Glentworth,* 10 *Id.* 241; *Lee* v. *Township of Kearny,* 42 *Id.* 543; *Bell* v. *Keppler,* 57 *Atl. Rep.* 257, and the standard common law authorities, such as 1 *Chit. Pl.* 199; 1 *Com. Dig., p.* 226, ¶¶ 1, 2; 1 *Tidd. Pr.* 614; *Cox Com. L. Pr.* 239, and the Practice act (*Pamph. L.* 1903, *p.* 537, ¶¶ 29, 115, 164). This may all be so. This court sustained an order consolidating two actions of trespass to lands lying in different counties. *Defiance Fruit Co.* v. *Fox,* 76 *N. J. L.* 482. What the common law is, however, needs no discussion. In the view we take of the Practice act (*Pamph. L.* 1912, *p.* 377), paragraph 1 provides: "It shall be liberally construed, to the end that legal controversies may be speedily and finally determined according to the substantive rights of the parties. The rule that statutes in derogation of the common law must be strictly construed shall not apply to this act."

Paragraph 4 provides, "Persons interested in separate causes of action may join if the causes of action have a common question of law or fact and arose out of the same transaction or series of transactions."

Paragraph 6 provides, "The plaintiff may join separate causes of action against several defendants if the causes of action have a common question of law or fact and arose out of the same transaction or series of transactions."

This language perhaps is not apt to accurately describe the fire and explosion which occurred in this case, "as a transaction or series of transactions." But the legislature has expressly enjoined a liberal construction of the statute to the end, that legal controversies may be speedily and

finally determined according to the substantive rights of the parties. The order was one of procedure. Under a liberal construction of the statute, we think the order of consolidation made by the trial judge was not error. But it is argued, not without some force, that the words "transaction or series of transactions" do not include torts, but refer to contracts, business and the like. While this may be the primary signification of the word, yet it is broader and more comprehensive. It is synonymous with act, action, affair, business and the like. *Standard Dictionary.* It is a term broader than contract; contract is a transaction, but a transaction is not necessarily a contract. *Xenia Branch Bank* v. *Lee,* 7 *Abb. Pr.* 372, 389; *Roberts* v. *Donovan,* 70 *Cal.* 108.

The word "transaction" is not limited or confined to actions arising out of contracts (*Pelton* v. *Powell,* 96 *Wis.* 473) ; that it includes actions of torts, cannot be reasonably doubted, *Deagan* v. *Weeks,* 67 *App. Div.* 410; 73 *N. Y. Supp.* 641.

In a general sense, a transaction is where both causes of action proceed from the same wrong. *Lamming* v. *Galusha,* 135 *N. Y.* 239-244; see *Scarborough* v. *Smith,* 18 *Kans,* 399, 406. For two interesting cases in the English courts, on the general point of consolidation, one by the plaintiff, see *Martin* v. *Martin & Company,* 1897, 1 *L. R. Q. B.* 429; and one against several defendants, in an action of libel, *Stone* v. *Press Association,* 1897, 2 *Id.* 159.

It is next argued, that it was undesirable and inconvenient from the defendant's point of view of trying these cases together, before the same jury. But the defendant has not shown how it was injured or prejudiced in making its defence. We therefore affirm these judgments, without further discussion, on the ground that the trial court had the power to make the order of consolidation, under the Practice act (*Pamph. L.* 1912, *p.* 377).

Finding no error in the record, the judgments in each of the twelve cases are affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 15.

*For reversal*—None.