MULCAHY, Respondent, *v.* LAWRENCE DUGGAN, Appellant.

(No. 5,089.)

(Submitted March 7, 1923. Decided April 2, 1923.)

[214 Pac. 1106.]

*Assault and Battery—Damages — Counterclaim for Libel—Exemplary Damages — Provocation—Mitigation of Damages — Evidence—Admissibility.*

Assault and Battery—Exemplary Damages—Provocation—Mitigation of Damages—Evidence—Admissibility.
1. Where, in an action for assault, plaintiff seeks to recover exemplary damages, the defendant may, under a proper pleading, show aggravating conduct on the part of plaintiff in mitigation of such damages.

Pleading—Demurrer to Counterclaim—Sufficiency.
2. A demurrer interposed to a counterclaim on the ground that it was "not one of the character specified" in section 9138, Revised Codes of 1921, was sufficient to raise the question whether or not the counterclaim was one which could be set up in the particular action.

Pleading—Amendment of Answer—When Original Pleading not Superseded by Amendment.
3. Where defendant in an action for assault pleaded a counterclaim for libel, a demurrer to which was sustained, and thereafter, to meet the views of the court, by way of amendment of his answer pleaded the matter contained therein in mitigation of damages, the original pleading was not thereby superseded, further than it was changed thereby, and by filing the amendment he cannot be held to have abandoned the right to assert on appeal that the court erred in sustaining the demurrer, the amendment not having been inconsistent with the original pleading.

Counterclaims—When Proper—How Determined.
4. In determining whether a counterclaim arises out of the transaction set forth in the complaint as the foundation of plaintiff's claim (Rev. Codes 1921, sec. 9138), the court is not limited to the facts alleged in the complaint but may look to all the facts and circumstances out of which the injury complained of by plaintiff arose.

Same—Permissible in What Classes of Actions.
5. The "transaction" set forth in the complaint out of which a cause of action must arise to be pleadable as a counterclaim, is that combination of acts and events, circumstances and defaults, which, viewed in one aspect, results in the plaintiff's right of action, and, when viewed in another aspect, results in defendant's right of action, the rule being the same whether the action be *ex contractu* or *ex delicto.*

Counterclaim for tort in action of tort, see notes in 3 **Ann. Cas.** 486; **Ann. Cas.** 1917D, 114.

Same—Purpose of Statute.
 6. The purpose of the statute permitting the filing of counter claims is to enable and require parties to adjust in one action their various differences which grow out of any given transaction.

Same—Arising Out of Same Transaction—Time.
 7. The rule which arbitrarily uses the element of time in de termining whether or not various causes of action arise out of the same transaction, within the meaning of the statute permitting the filing of counterclaims, not approved.

Assault and Battery—Counterclaim for Libel Permissible.
 8. In an action for damages for an assault prompted by a libelous publication, a counterclaim for libel is permissible.

*Appeal from District Court, Silver Bow County; Wm. E. Carroll, Judge.*

ACTION by J. B. Mulcahy against Lawrence Duggan. Judgment for plaintiff, from which defendant appeals. Reversed and remanded with directions to grant a new trial.

Cause submitted on briefs of Counsel.

*Messrs. Nolan & Donovan,* for Appellant.

It is held under the Wisconsin Code of Pleading, which is identical with the Montana statute, that where the facts constitute a defense to plaintiff's claim, such facts possess the statutory qualification for a counterclaim; namely, that they are connected with the subject of the action. (*Telulah Paper Co.* v. *Patten Paper Co.,* 132 Wis. 435, 112 N. W. 522; see, also, *Kinsman* v. *Stanhope,* 50 Mont. 41, L. R. A. 1916C, 443, 144 Pac. 1083.)

The purpose of a general demurrer to an answer under the Codes is to raise the question of substance in the defendant's plea. If no such motion is made and the plaintiff goes to trial upon the answer as it stands, he will not be suffered on the trial to raise the objection for the first time and to exclude evidence of the defense or counterclaim on the ground that it is informally pleaded. (Pomeroy Code Rem., 4th ed., sec. 487; *King* v. *Davis,* 34 Cal. 100; *Silcox* v. *Lang,* 78 Cal. 118, 20 Pac. 297; *Stokes* v. *Sprague,* 110 Iowa, 89, 81 N. W. 195;

*Roback* v. *Rowell,* 36 Ind. 515; *White* v. *Spencer,* 14 N. Y. 247.)

*Messrs. McCaffery & Sullivan,* for Respondent.

In an action for assault and battery defendant may not set up as a counterclaim a libel published nine days before the alleged assault. (*McDougall* v. *Maguire,* 35 Cal. 274, 95 Am. Dec. 98; see, also, *Earl* v. *Times-Mirror Co.,* 185 Cal. 165, 196 Pac. 57; *Smith* v. *Bates* (Tex. Civ.), 27 S. W. 1044; *Sheehan* v. *Pierce,* 70 Hun (N. Y.), 22, 23 N. Y. Supp. 1119; *Wrege* v. *Jones,* 13 N. D. 267, 112 Am. St. Rep. 679, 3 Ann. Cas. 482, 110 N. W. 705; *Fellerman* v. *Dolan,* 7 Abb. Pr. (N. Y.) 395.)

No provocative acts, conduct, former insults, threats, or words if unaccompanied by any overt act of hostility will justify an assault, no matter how offensive or exasperating. (*Millard* v. *Truax,* 84 Mich. 517, 22 Am. St. Rep. 707, 47 N. W. 1100; *Lee* v. *Woolsey,* 19 Johns. (N. Y.) 319, 10 Am. Dec. 230; *Willis* v. *Forrest,* 2 Duer (N. Y.), 310; *Ireland* v. *Elliott,* 5 Iowa, 478, 68 Am. Dec. 715.)

In addition to the foregoing authorities, the following cases are applicable upon the question of provocation and its relation to an alleged assault and battery so as to make it a part of the transaction and therefore admissible in mitigation of punitive damages. (*Roth* v. *Slobodien* (N. J.), 60 Atl. 59; *Dupee* v. *Lentine,* 147 Mass. 580, 18 N. E. 465; *Davis* v. *Collins,* 69 S. C. 460, 48 S. E. 469; *Avery* v. *Ray,* 1 Mass. 12; *Berryman* v. *Cox,* 73 Mo. App. 67; *Carson* v. *Singleton* (Ky.), 65 S. W. 821; *Collins* v. *Todd,* 17 Mo. 537; *Eckerd* v. *Weve,* 85 Kan. 752, 38 L. R. A. (n. s.) 516, 118 Pac. 870; *Bundy* v. *Maginess,* 76 Cal. 532, 18 Pac. 668; *Wilson* v. *Young,* 31 Wis. 574; *Mangold* v. *Oft,* 63 Neb. 397, 88 N. W. 507; *Johnson* v. *McKee,* 27 Mich. 471; *Donnelly* v. *Harris,* 41 Ill. 126.)

MR. COMMISSIONER BENNETT prepared the opinion for the court.

This action was instituted by the plaintiff, J. B. Mulcahy, against the defendant, Lawrence Duggan, to recover actual

and exemplary damages alleged to have resulted from a physical encounter between the parties, which took place on May 17, 1920, at the city of Butte. Plaintiff alleged that "the defendant violently, wantonly and maliciously did assault the plaintiff, * * * " and defendant answered admitting that he "did strike the plaintiff several blows and did knock him down." In addition to the admissions and denials, defendant set up counterclaim for a libel published by plaintiff of and concerning the defendant on May 8, 1920. He also alleged that the altercation between himself and plaintiff was the result of plaintiff's publication of the article charged to be libelous. Plaintiff demurred to the counterclaim on the grounds "that the counterclaim set up in defendant's answer is not of the character specified in section 6541 of the Revised Codes [1907] of the State of Montana." The section referred to is 9138 of the present Codes. Hereafter, this section number will be used. The demurrer was overruled and plaintiff replied. The action came on for trial before a jury. After [1] plaintiff had closed, and shortly after the defense proceeded, the court ruled, in effect, that· the matter set out in the counterclaim was not properly before the court as such, but that it might be proper in mitigation of damages. The record discloses that it was the trial court's theory that the counterclaim was not properly triable in the action before it, but to negative and rebut the element of malice, which was pleaded by plaintiff for the purpose of enabling him to recover exemplary damages, it was permissible for defendant to show that as a reasonable man he was so provoked by the publication of the libel that he assaulted the plaintiff without malice. Upon a ruling to this effect the defendant asked for and was granted leave to file an amendment to his answer. The amendment as filed set up the facts as an affirmative defense by way of justification and as a partial defense in mitigation of damages. The court, however, held to the theory that the matter relied on was not a justification of the assault, but that it was proper to be considered in mitigation of exemplary damages.

The trial resulted in a verdict for plaintiff. After a motion for a new trial was made and overruled, the defendant appealed from the judgment.

Defendant submits that there are three questions for determination under his specifications of error. We will state these in our own language and dispose of them in the following order: (1) Was the trial court's theory correct, that the question of libel was only proper as going to the element of exemplary damages; (2) on the record may we determine whether or not the counterclaim was such an one as was properly before the trial court; (3) was the counterclaim of the character specified in section 9138, Revised Codes of 1921?

1. Our conclusions are that on the question of justification or mitigation the trial court's theory was sound and consistently maintained. The rule is stated in Corpus Juris: "No provocative acts, conduct, former insults, threats, or words, if unaccompanied by any overt act of hostility will justify an assault no matter how offensive or exasperating, nor how much they may be calculated to excite or irritate." (5 C. J., Assault and Battery, sec. 47, p. 644.) In the same article, section 118, page 677, it is said: "It is permissible for defendant to show in mitigation of punitive damages, aggravating conduct on the part of plaintiff. * * * In accordance with the foregoing rules it has been held competent to give evidence of opprobrious language used by plaintiff at the time of the assault provided they were uttered at the time of the assault or so recently before that the provocation and assault may be considered as part of the same transaction, * * * and, of course, this rule applies only to punitive or exemplary damages." The claim at bar being for punitive or exemplary damages in addition to compensatory or actual damages, a showing of malice was required to justify a verdict for anything over and above the actual damages. When such recovery is sought and such a showing attempted, it is proper to show circumstances or provocation such as would incite anger in a reasonable person. These rules together with the

collateral rules relative to the "blood cooling time" seem to have been carefully borne in mind by the trial court. There might have been some confusion owing to the fact that in the answer there were allegations tending to bring into force the rules governing "self-defense." These also appear to have been properly applied.

2. Defendant contends that the demurrer to the original [2] answer was insufficient, in that it did not "distinctly specify the objections to the counterclaim" as required by section 9157, Revised Codes. This proposition is unsound. The demurrer being on the ground that the counterclaim "is not of the character specified in section" 9138 is, in our opinion, entirely sufficient to raise the question whether or not the counterclaim is, in fact, one which can be set up in the action at bar.

Plaintiff asserts that by filing the amendment to the answer [3] defendant abandoned his original pleading, and that the question whether or not the counterclaim could be set up in the action is not before this court. He cites *State ex rel. Juckem* v. *District Court,* 57 Mont. 315, 188 Pac. 37. In that case it is said: "By applying for and being granted time in which to further plead, relatrix acquiesced in the ruling of the court, and thereby abandoned her original pleading, which then became *functus officio.*" The case is not authority for the proposition which plaintiff advanced. The rule applicable to the case at bar is deducible from the case of *A. M. Holter Hdw. Co.* v. *Ontario Min. Co.,* 24 Mont. 184, 61 Pac. 3. There the contention was made, as in the instant case, that by filing an amendment to the answer the original answer was superseded. After discussing the practice relative to such amendments, this court there said: "The original answer * * * was not superseded by the amendment, except in so far as the former is changed by the latter." There was nothing inconsistent with the original answer herein in the amendment filed. The counterclaim and the affirmative defenses could have been pleaded at the same time,

and by his action in filing the amendment the defendant cannot be said to have elected to have abandoned his right to plead the counterclaim.

We are therefore of the opinion that the question whether or not the counterclaim as pleaded was of the character specified in section 9138, *supra,* is properly before us, and we will proceed to a discussion thereof.

3. The provisions of the last-cited section, with which we [4, 5] are here concerned, are: "The counterclaim * * * must be * * * a cause of action arising out of the * * * transaction, set forth in the complaint, as the foundation of the plaintiff's claim * * * "

In order to determine whether a counterclaim arises out of the transaction set forth in the complaint as the foundation of plaintiff's claim, we are not limited to the facts alleged in the complaint. We look to "all of the facts and circumstances out of which arose the injury complained of by him alone." (34 Cyc. 687; *Scott* v. *Waggoner,* 48 Mont. 536, L. R. A. 1916C, 491, 139 Pac. 454; *Kinsman* v. *Stanhope,* 50 Mont. 41, L. R. A. 1916C, 443, 144 Pac. 1083.) We approve of the language used by the author in 34 Cyc. 687, note 63, where, in stating the holding of *Story etc. Commercial Co.* v. *Story,* 100 Cal. 30, 34 Pac. 671, he says: "*The transaction is not limited to the facts set forth in the complaint,* but includes the entire series of acts and mutual conduct of the parties in the business or proceeding between them which formed the basis of the agreement, and, if plaintiff omits or fails to set forth in his complaint the entire transaction out of which his claim arose, defendant may supplement this omission by setting forth in his answer the omitted facts, so that the entire transaction may be before the court, for plaintiff is not at liberty to select an isolated act or fact, which is only one of a series of acts or steps in the entire transaction, and insist upon a judgment on the fact alone, if the fact is so connected with others that it forms only a portion of the transaction."

It will be noted that the case which is there cited involved contractual transactions, but there is no distinction between the rule in such cases and in actions *ex delicto* in nature. "The term 'transaction' is not legal and technical; it is common and colloquial; it is therefore to be construed according to the context and to approved usage;  *  *  *  as so construed it is broader than 'contract' and broader than 'tort,' although it may include either or both; it is 'that combination of acts and events, circumstances and defaults, which, viewed in one aspect, results in the plaintiff's right of action, and viewed in another aspect, results in the defendant's right of action.' " (*Scott* v. *Waggoner, supra,* quoting from Pomeroy's Code Remedies, sec. 774): "When in this sense of the word a cause of action in favor of the defendant arises from the 'transaction' set forth in the foundation of plaintiff's claim, it is pleadable as a counterclaim, no matter what its technical soundings or those of plaintiff's demand may be." (*Scott* v. *Waggoner, supra.*)

The purpose of this statute is to enable and require parties [6] to adjust in one action the various differences which grow out of any given transaction. (See *Scott* v. *Waggoner, supra,* and *Story etc. Commercial Co.* v. *Story, supra.*)

Applying what has been said above to the case at bar, we can arrive at no other conclusion than that the counterclaim was properly interposed. Webster's Dictionary defines "transaction" as "the doing or performing any affair." "Affair" is defined as "that which is done or to be done." The plaintiff commenced the "affair" by his publication of the article complained of by defendant. As a result the defendant assaulted the plaintiff. This "combination of acts and events" resulted in the two rights of action set out in the pleadings, both arising out of the transaction commenced by the publication of the libelous article.

We recognize that there are cases from other jurisdictions which hold contrary to our conclusions. We do not, however, agree with the reasoning in those cases. For instance, on

the authority of *Macdougall* v. *Maguire,* 35 Cal. 274, 95 Am. Dec. 98, the supreme court of California held in the case of *Earl* v. *Times-Mirror Co.,* 185 Cal. 165, 196 Pac. 57, that an action for a libel caused by the publication of a libel could not be set up as a counterclaim in an action for damages against the defendant for publication of the second libel. In deciding that case the court says: ''A cause of action for libel on one day could not be set up as a counterclaim to a cause of action for libel arising the next day, even though the second libel was the result of the first. * * * Though connected in the sense that one is the result of the other, they are, in contemplation of law, entirely separate.'' We do not follow the logic of the California court when it expressly admits the connection existing between the two libels. In the case of *Macdougall* v. *Maguire,* on which the court relied, the question is disposed of with the short statement: ''The matter set up is clearly not a counterclaim, within the meaning of this provision.''

In the *Earl* v. *Times-Mirror Case* the court also uses the following language: ''We need not consider the question of whether a slander occurring in the course of the same conversation or assault or counter assault in the same fistic encounter is a part of the same 'transaction' within the meaning of section 438, Code of Civil Procedure. In such cases it has been held by some courts that a cross-complaint or counterclaim is permissible. (*Powell* v. *Powell,* 160 Wis. 504, Ann. Cas. 1917D, 113, 152 N. W. 168; 34 Cyc. 706, 710.'' The case of *Powell* v. *Powell,* cited there, involved slanders committed in the course of the same conversation. The Wisconsin court uses the language: ''It seems plain, therefore, that in slander cases 'transaction' must include the entire word—encounter.''

We cannot approve a rule which arbitrarily uses the ele-
[7] ment of time in determining whether or not various causes of action arise out of the same ''transaction.'' If, as a matter of fact, there is such a connection that the acts com-

plained of were the result of complainant's own acts, we think all causes of action arising therefrom must be litigated in one action.

We might add, in passing, that the rule which permits the showing of acts of provocation in mitigation of exemplary damages is of itself a recognition that there is a connection between certain slanders, certain libels, and between certain slanders, libels, and other tortious acts and assaults. Wherever such connection exists they are parts of the same transaction.

We do not wish to be understood as saying that wherever, in an assault case, a counterclaim is properly interposed, the facts on which the counterclaim is based are always proper to be considered in mitigation of damages. In such cases there are other rules which have been alluded to above which must be applied.

We are of the opinion that the case at bar is within the [8] rule heretofore announced by this court, and that it was proper and necessary for the defendant, if he desired to assert his cause of action, to do so in the action brought by the plaintiff; both causes of action being connected and arising out of the same transaction.

We are therefore of the opinion that the trial court erred in excluding from the consideration of the jury the counterclaim as set out in defendant's answer, and we recommend that the judgment be reversed, and the cause remanded to the district court, with directions to grant a new trial, permitting the defendant to proceed with his proof of the allegations of his counterclaim.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment appealed from is reversed, and the cause remanded to the district court, with directions to grant a new trial, permitting the defendant to proceed with his proof of the allegations of his counterclaim.

*Reversed and remanded.*

Rehearing denied May 1, 1923.