## 11326

### BANK OF CHARLESTON, N. B. A., v. BANK OF NEESES

#### (119 S. E., 841)

SET-OFF AND COUNTERCLAIM—COUNTERCLAIMS HELD NOT "CONNECTED WITH SUBJECT OF ACTION" OR "ARISING OUT OF THE SAME TRANSACTION.—In an action by one bank against another bank on an implied contract to repay moneys credited through mistake, counterclaims alleging an action of libel and slander committed two years after plaintiff's cause of action accrued, because defendant did not repay, were not "connected with the subject of the action," or did not "arise out of the same transaction," and hence were not proper counterclaims under Act Feb. 12, 1920 (31 St. at Large, p. 748), and Code Civ. Proc. 1912, § 200, Subd. 1.

Before FEATHERSTONE, J., Orangeburg, 1923.    Affirmed.

Action by the Bank of Charleston, N. B. A., against Bank of Neeses.    From an order sustaining a demurrer to three counterclaims, defendant appeals.

*Messrs. Adam H. Moss* and *Wolfe & Berry,* for appellant, cite: *Counterclaim for tort action:* 20 S. C., 258; 120 S. C., 202; Acts 1920, 748.    *Counterclaims arose out of transaction and were connected with subject of action:* Code Proc. 1912, Sec. 200; 105 S. E., 737; 108 S. C., 67; 43 S. C., 64; 24 R. C. L., 844–54; 34 Cyc., 686–88; L. R. A. 1916-C, 515; 93 N. Y., 552; 2 Words & Phrases; 31 N. Y. Supp., 5.

*Messrs. Mitchell & Horlbeck* and *Raysor, Moss & Lide,* for respondent, cite: *Counterclaims:* 108 S. C., 66.    *Tort may be waived and counterclaim based on contract:* 11 S. C., 337; 57 S. C., 493.    *Torts:* 120 S. C., 202; 105 S. C., 140; 72 S. C., 34.    *Complaint on contract:* 57 S. C., 496; 59 S. C., 81; 78 S. C., 157; 43 S. C., 63.    *Counterclaims improper:* 30 S. C., 258; 71 S. C., 404; 34 Cyc., 706; 76 S. E., 115; 102 N. Y. Supp., 1051.

November 5, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Hon. C. C. Feather-stone, Circuit Judge, sustaining a demurrer interposed by the plaintiff to the three counterclaims pleaded by the defendant in its answer. The statement of the case by the appellant states the issue involved, and is:

"The respondent, as plaintiff, brought this action against the appellant, as defendant, to recover the sum of $1,000.00 alleged to be due by the latter to the former. The complaint states that during October, 1919, the plaintiff respondent by error credited the account of the defendant appellant with $1,000.00, which, when the alleged error was discovered, was demanded and payment refused. The answer sets up: Firstly, a denial of the liability sued upon in the complaint; and, secondly, three separate counterclaims in each of which damages to the amount of $10,000.00 are demanded to redress alleged libels and slanders committed by the plaintiff respondent against the defendant appellant, and which are alleged to have arisen out of the transaction referred to in the complaint and therein sued upon, or are connected therewith within the meaning of Subdivision 1 of Section 200 of the Code of Civil Procedure of 1912. The plaintiff respondent thereupon interposed a demurrer to the effect that the three counterclaims failed to state a cause of action in that such causes of action as are attempted to be stated in such counterclaims do not arise out of the transaction referred to in the complaint, and are not connected with the subject of the action. On hearing this demurrer Judge Featherstone made an order sustaining such demurrer, and this appeal is made in due season from such order to this Court."

The exceptions allege error on the part of his Honor in sustaining the demurrer and in not overruling the same under the Act of 1920 (Act February 12, 1920 [31 St. at Large, p. 748]). The exceptions raise this question for decision: Whether in a suit on contract or to recover a

debt a counterclaim setting up subsequent independent tort can be said to be "connected with the subject of the action," or "arise out of the same transaction," where the tort occurred about two years after the debt arose or a breach of contract occurred. The pleadings show on the part of plaintiff an action on implied contract. The answer and counterclaim show that more than two years elapsed before the alleged counterclaims arose; the answer attempts to link up and supply the connection and bridge over that time, and the subject matter is an allegation in the counterclaim that the plaintiff committed the tort because it was provoked and angry with the defendant, because the defendant did not pay the indebtedness. This action is not in tort but contract, and the Act of 1920 can have no application as it did not arise out of the same transaction, and is not connected with the subject of the action.

The complaint is an implied contract to repay moneys credited and received through a mistake. The counterclaim is based entirely on libel and slander, a tort or cause of action *ex delicto* pure and simple.

The tort set out in the counterclaims does not relate to the subject of the action, and has no connection with the transaction set out in the complaint. The counterclaims purport to set forth several distinct and independent torts committed as alleged in the answer two years after the indebtedness arose, which the plaintiff sued on in the complaint. There is an entire break between the transactions or subject matter of the action set forth in the complaint and the alleged torts committed as set forth in the counterclaims.

The exceptions are overruled and judgment affirmed.