## Vedder et al. v. Pennsylvania Railroad Co.

*Spencer R. Liverant*, for plaintiffs.

*Kain, Kain & Kain*, for defendant.

ANDERSON, J., March 13, 1941.—In one statement of claim filed December 27, 1940, Wentworth D. Vedder, trading as Vedder Transportation Company, and Millard E. Dise, administrator of the estate of Harry R. Dise, have instituted an action in trespass against the Pennsylvania Railroad Company. The statement discloses that plaintiff Vedder is seeking damages for the loss of his truck as the result of a collision with a railroad train owned and operated by defendant, and Millard E. Dise, as administrator, is seeking damages for the loss of the life of the driver of said truck, Harry R. Dise, deceased, and expenses incident thereto, as a result of the same collision. Defendant has filed a motion to strike off the statement

for the reason that the statement purports to join two different and unrelated causes of action without warrant in law or under the Rules of Civil Procedure. Since the action was brought prior to the effective date of Pa. R. C. P. 2226 to 2250, governing joinder of parties, and since these rules do not apply to actions pending on the effective date thereof, these rules are not applicable and the question to be decided is whether such a joinder is permissible under the Act of June 25, 1937, P. L. 2072, as follows:

"Section 1. . . . all parties who have a right of action, whether jointly, severally or in the alternative, in respect of, or arising from, the same transaction or series of transactions, and whose actions would give rise to any common question of law or fact, may join, as plaintiffs, in one civil action.

"Section 2. If, in any such action, it shall appear that the joinder of the plaintiffs will complicate, prejudice or delay the trial of such action, the court, on petition or on its own motion, may order separate trials, or make such other order as it deems expedient and proper.

"Section 3. In every such action, separate verdicts shall be rendered and judgments entered as to each plaintiff."

Counsel for defendant contends that the above act applies to actions in contract but not to actions in tort and points out that the phrase "arising from the same transaction or series of transactions" should not be construed to apply to tort actions and permit the joinder of an action for damages to personal property with an action for wrongful death, and that the two actions are separate and distinct and do not arise out of the same transaction.

The questions then to be decided are whether the two actions arise from the same transaction and whether the above act applies to actions in tort as well as to those in assumpsit, for, if it does not, then defendant's motion to strike it off should be granted.

There seems to be a dearth of authority on this precise question in the appellate courts of this State but in other jurisdictions there are numerous authorities construing

similar statutes. In Mayberry v. Northern Pacific Ry. Co., 110 N. W. 356, the Supreme Court of Minnesota held that when several acts of negligence concur in giving rise to a single right of action they may be united in the same complaint under the revised laws permitting several causes of action to be joined in the same pleading, when they arise out of the same transaction or transactions", stating:

"That causes of action in tort are included within the meaning of this statute is quite obvious. The word 'transaction', as there used, embraces something more than contractual relations. It includes any occurrences or affairs the result of which vests in a party the right to maintain an action, whether the occurrences be in the nature of tort or otherwise."

The Supreme Court of Wisconsin, in McArthur v. Moffett, 128 N. W. 445, in interpreting a statute of that State, which authorized the joinder of different causes of action in the same complaint where they arise out of the same "transaction or transactions" connected with the same subject of action, construed the word "transaction" as used in the statute to mean whatever may be done by one person which affects another person's rights, and out of which a cause of action may arise, and permitted the joinder of a statutory action to quiet title with an action for trespass to land. Starch Co. v. Mischel et al., 156 N. W. 931, is authority for the statement that the word "transaction", as used in the statutes providing for joinder of different causes of action in the same complaint, means something which has taken place whereby a cause of action has arisen and embraces not only contractual relations but also occurrences in the nature of tort. A very able discussion on this subject is found in Metropolitan Cas. Ins. Co. of N. Y. v. Lehigh Valley R. R. Co., 109 Atl. 743:

"But it is argued, not without some force, that the words 'transaction or series of transactions' do not include torts, but refer to contracts, business and the like.

While this may be the primary signification of the word, yet it is broader and more comprehensive. It is synonymous with 'act,' 'action,' 'affair,' 'business' and the like. Standard Dict. It is a term broader than 'contract'. Contract is a transaction, but a transaction is not necessarily a contract. Zenia Branch Bank v. Lee, 7 Abb. Prac. (N. Y.), 372-389; . . .

"The word 'transaction' is not limited or confined to actions arising out of contracts. Pelton v. Powell, 96 Wis. 473, 71 N. W. 887. That it includes actions of tort cannot be reasonably doubted. Deagan v. Weeks, 67 App. Div., 410, 73 N. Y. Supp., 641.

"In a general sense, a transaction is where both causes of action proceed from the same wrong."

In commenting on a section of the law of Oklahoma which provides that the plaintiff may unite several causes of action in the same petition where they all arise out of the same "transaction" the Supreme Court stated:

"It is well settled that tort and contract may be joined in separate counts in the same petition . . . when they arise out of the same transaction . . . The term transaction . . . has reference to all the acts which go to make up one entire group, system or plan."

In its broadest signification transaction means any act as affecting legal rights or obligations. As so defined the word properly embraces an entire occurrence out of which a legal right springs, or upon which a legal obligation is predicated: 63 C. J. 771. There are also several lower court decisions in our own State sustaining this general rule and permitting the joinder of actions in tort under the above statute of 1937.

"The 'one transaction' is, of course, the accident in which decedent was injured, and the common question of fact is how the accident happened": Gannon et al. v. Lawler, 34 D. & C. 571, 581; Karcher et ux. v. Downes, 31 D. & C. 386; Mishkin et al. v. Drucker Bros., 31 D. & C. 594.

Had the legislature intended this statute to apply only to assumpsit actions it could easily have so qualified it, but instead it used the term "civil action," which of course includes actions in both tort and assumpsit. It is apparent from the pleadings that this action arose from the same transaction, namely the collision between the truck and train, and gives rise to a common question of law or fact, namely the negligence, if any, of the defendant. It is therefore apparent that defendant's motion to strike off must be refused.

And now, to wit, March 13, 1941, defendant's motion to strike off plaintiffs' statement of claim is refused and overruled and defendant is allowed 15 days to file an affidavit of defense as of course.