16199

BAITARY v. ILDERTON
(52 S. E. (2d) 417)

*Messrs. Shimel & Ackerman,* of Charleston, *for Appellant,*

*Messrs. Barnwell & Whaley,* of Charleston, *for Respond-*
*ent,*

*Messrs. Shimel & Ackerman,* of Charleston, *for Appellant,* in reply,

March 17, 1949.

FISHBURNE, Justice.

The respondent, Shain E. Baitary, brought this action against the appellant, Mamie Lee Ilderton, for damages alleged to have been sustained by him from a willful, malicious, and unlawful trespass upon his land.

The parties to this cause own adjoining lots in the county of Charleston, on which they reside. Respondent also conducts a restaurant in the building located on his lot of land, which building is alleged to be one and a half to two feet from the boundary line marking the division between the two lots. The appellant, it is charged, on or about January 15, 1947, with her agents and servants, trespassed upon this narrow strip of land owned by respondent, and unlawfully

and maliciously dug a deep ditch and built a high brick wall thereon, parallel with his building and one foot therefrom. That as the result of these trespasses the foundation of respondent's residence and restaurant was undermined, the walls, roof and floors injured, and other damage suffered.

The answer interposed by appellant consisted of a general denial, mitigating circumstances, and a counterclaim.

Appellant's counterclaim is for damages for slander alleged to have been uttered by the respondent "at the divers times between the 1st day of June, 1947, and the 1st day of October, 1947, after the defendant erected a fence on her land.  *  *  *" The slander is stated to be the utterance of the following words concerning the appellant, which are alleged to be false and malicious:

"Mrs. Ilderton, my neighbor," (meaning the defendant and understood by such divers persons to be the defendant), "stole two feet of my land and I will get even with her. She not only stole my land, but, also, deliberately undermined and disturbel the foundation of my building; she trespassed on my property after I warned her not to do so."

The *inuendo* is thus stated in the counterclaim:

"Thereby accusing the defendant (appellant) of maliciously injuring his property and entering upon his lands after notice from him, in violation of the laws of South Carolina."

The court sustained the demurrer to the counterclaim upon the ground that it could not be set up against the cause of action alleged in the complaint. Counsel for appellant urge that the cause of action set up in the complaint based upon trespass and malicious injury to real property, and the cause of action for slander contained in the counterclaim, are similar torts and arise out of the same state of facts, and that for these reasons the counterclaim comes within Section 485 of the Code. This Code section provides:

"In all actions sounding in tort the defendant shall have the right to plead a similar cause of action against the plaintiff by way of counterclaim: provided, that the cause of action of the plaintiff and defendant arise out of the same state of facts."

If it be assumed that the injury sustained by the appellant by reason of the alleged slanderous remarks made by respondent afforded a cause of action upon which a judgment might be rendered, the question to be determined is whether such alleged counterclaim can be said to be similar to respondent's cause of action and whether such counterclaim arose out of the same state of facts.

We cannot agree with the contention made by the appellant on either ground. These two actions for tort are not similar nor in our opinion do they arise out of the same transaction or same state of facts.

While the word "similar" has been defined as synonymous with "same" or "identical", it is generally interpreted to mean that one thing has a resemblance in many respects, nearly corresponds, is somewhat like, or has a general likeness, to some other thing. Vol. 39, Words and Phrases, Perm. Ed., page 304; Annotation, 17 A. L. R. 94.

The act set forth in the complaint as the foundation of respondent's claim, and which gave rise to his cause of action, was the malicious injury and trespass upon his real estate. For the resultant injury he asks for damages. The act which gave rise to appellant's cause of action was the speaking by respondent of the alleged defamatory words uttered six months later. Each act was separate and distinct and gave rise to independent tort actions entirely dissimilar which bear no resemblance or general likeness to each other. See *Smoak v. Robinson,* 156 S. C. 370, 153 S. E. 342.

Nor do we think there is any reasonable basis for the contention made by appellant that these two causes of action arise out of the same state of facts. By way of illustration:

In an action by one bank against another bank on an implied contract to repay moneys credited through mistake, counterclaims alleging an action of libel and slander committed two years after plaintiff's cause of action accrued, because defendant did not repay, were not "connected with the sub-ject of the action", and did not "arise out of the same trans-action," and hence were not proper counterclaims under Act of February 12, 1920, Code Section 485. *Bank of Charles-ton, National Banking Ass'n v. Bank of Neeses,* 127 S. C. 210, 119 S. E. 841, 842.

The word "arise" or the word "arising", while having a progressive and prospective meaning in some circumstances, usually signifies the present; generally, it denotes the im-mediate present, and only occasionally implies future events or occurrences. 6 C. J. S., Arise, page 336.

As was stated in *Bank of Charleston v. Bank of Neeses, supra,* "The answer and counterclaim show that more than two years elapsed before the alleged counterclaims arose". The complaint in this case and the counterclaim set forth independent torts differing radically in nature and committed upon occasions separated by at least six months. The claim of respondent for malicious trespass to property is distinct and independent of the counterclaim of the appellant for slander. It is not like an action for damages sustained from being shot and a counterclaim for injuries suffered arising out of the same transaction. *Griffin v. Scott,* 203 S. C. 430, 27 S. E. (2d) 570.

It cannot be said that the two causes of action originated at the same time and place, although this is not always the test. The effort is here made to set up one tort (slander) committed between the first day of June, 1947, and the first day of October, 1947, against another tort (malicious tres-pass) committed several months before, on January 15, 1947. There is no more connection shown here than if A trespassed upon B's land on the Fourth day of July, and B thrashed him for it at Christmas.

There are several cases which illustrate the rule that one tort may be set against another tort; but they are distinguished from the instant case. Thus, in an action to recover damages for assault and battery, it has been held that the word "transaction" is broad enough to include the entire, continuous, physical encounter, and that upon counterclaim the defendant may recover for his damages resulting from an assault committed upon him by the plaintiff in the course of the encounter. *Powell v. Powell,* 160 Wis. 504, 152 N. W. 168, Ann. Cas. 1917D, 113. Likewise, in slander cases, it has been declared that the transaction includes the entire "word encounter," and that the defendant may plead as a counterclaim a slander said of him at the same time. *Gutzman v. Clancy,* 114 Wis. 589, 90 N. W. 1081, 58 L. R. A. 744; 47 Am. Jur., Sec. 30, Pages 730, 731.

Our decision on this issue makes it unnecessary to pass upon other questions presented by the appeal.

Judgment affirmed.

BAKER, C.J., and STUKES, TAYLOR and OXNER, JJ., concur.