## 15475

### AETNA LIFE INSURANCE COMPANY v. LOURIE

(23 S. E. (2d), 741)

*Messrs. McKay, McCutcheon & McKay,* of Columbia, Counsel for Appellant,

*Mr. J. D. Parler,* of St. George, Counsel for Respondent,

December 3, 1942.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE BAKER:

This action is upon a complaint for the cancellation of a policy of insurance issued by plaintiff to defendant, dated August 5, 1937, in the amount of $1,000.00. It is alleged that between the dates of signing the application and the certification of medical examiner's report, defendant consulted a physician and made certain representations that indicated not only pronounced symptoms of a precarious condition of health that had existed for a period of fifteen years or more, but that statements made by him in his application for the policy of insurance were known to him to be false and untrue. It is further alleged that the policy was issued upon the faith of the representations of good health by the insured, and would not have been issued if defendant had disclosed the facts as to his precarious con-

dition of health; that in June, 1939, plaintiff discovered the facts mentioned and endeavored to see and talk with defendant, was told by his wife that he was desperately ill of a heart malady and was forbidden by her to see or attempt to interview defendant; that subsequently, on July 26, 1939, plaintiff's agent interviewed defendant's wife, at which time she stated that she was empowered to speak on behalf of defendant, and was directed by defendant to refuse the acceptance of return of premiums paid on the policy. The prayer is that plaintiff be permitted to pay into Court the premiums paid on the contract with legal interest, and that the contract be cancelled.

The answer contains a denial of the allegations of fraud, and a counterclaim. It is alleged in the counterclaim that on or about July 15, 1939, an agent of the plaintiff interviewed defendant's wife at his place of business in the town of St. George during business hours, in the presence of certain named persons and others; that the agent endeavored to induce her to agree to the cancellation of the policy of insurance, and to use her influence with defendant to induce him to agree to the cancellation, and, upon his failure to obtain agreement to that effect, he willfully, wantonly, falsely, maliciously and fraudulently, in the presence of said persons, uttered the following alleged slander: "When L. Lourie made application for this policy and when he took it out with the company he knew at that time that he was a sick man and had been sick suffering from a very serious disease, and he was not entitled to this policy of insurance. He took out this policy of insurance trying to beat and defraud our insurance company out of money which he knew he was not entitled to, and no honest man would do a thing like that."

It is further alleged that said slanderous charge obtained wide circulation, damaged defendant's reputation and held him up to scorn to his damage in the sum of $3,000.00.

In due time plaintiff served notice of motion to strike the counterclaim and a demurrer thereto, upon the ground that the cause of action set forth in the counterclaim does not arise out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, is not connected with the subject of the action, and in no way arises out of the same state of facts set forth as the basis of plaintiff's cause of action. There was also notice of a motion for an order requiring certain allegations of the counterclaim to be made more definite and certain, which will be adverted to hereafter.

Judge Mann heard the notice of motion to strike the counterclaim and the demurrer thereto. After consideration, he filed an order overruling same, from which plaintiff appeals to this Court, raising in appropriate exceptions the question of the right to maintain in this action, by way of counterclaim, the cause of action set forth therein.

The applicable section of the Code (Section 468, 1932 Code; Idem, 1942) permits a counterclaim as follows: "(1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action."

Both appellant and respondent rely strongly upon the decision of this Court in the case of *Columbia National Bank v. Rizer,* 153 S. C., 43, 150 S. E., 316, 318, 68 A. L. R., 443, from which, apropos of the point involved, we quote as follows: "The vital inquiry is whether or not the alleged counterclaim comes within the purview of the statute. Under Subdivision 1 of Section 411 [468], a counterclaim is recognized which has for its basis either: (1) a cause of action arising out of the contract sued upon by the plaintiff; (2) a cause of action arising out of the transaction sued upon by the plaintiff; (3) a cause of action connected with the subject of the plaintiff's action."

The difficulty in this case, as in all such matters, is to apply these principles to the facts of the case. Appellant

contends, under the controlling principles laid down in the *Rizer case,* the counterclaim here interposed cannot be maintained. A brief review of the facts of that case is necessary. Rizer endorsed two notes of Bank of Olar to Columbia National Bank, upon which action was later brought against him. As collateral security to said notes, Bank of Olar had assigned to Columbia Bank two notes of one J. P. Harley. Columbia National Bank, as pledgee, advertised for sale the Harley notes in a newspaper published in Columbia, and in the advertisement said notes were described as having been endorsed by Rizer. In a counterclaim to the action on the Bank of Olar notes endorsed by Rizer, he alleged that the Harley notes did not bear his endorsement, which fact was known to the bank; that the publication of the notice stating said notes were endorsed by him was willful and wanton, calculated to, and did convey the false idea that he was not meeting his obligations, which caused his creditors to withdraw usual lines of credit, to his damage in the amount of $100,000.00. A demurrer to the counterclaim was sustained, and upon appeal the ruling was affirmed. It is observed that the action was upon the Bank of Olar notes endorsed by Rizer, and the alleged libel was not in connection with those notes, but in connection with other notes involved in the action, which clearly distinguishes that case from the case now on appeal.

The Court, in the course of the opinion in the *Rizer case,* held that the only restriction on a counterclaim is that the cause of action, which is made the basis thereof, shall have arisen out of the contract or transaction set forth in the complaint, as the foundation of the plaintiff's claim, or be connected with the subject of the action, and that such counterclaim may sound either in contract or in tort. The fact that the counterclaim here set forth is founded on a tort is, therefore, not conclusive of the question. The question is: Does it arise out of the contract set forth in the complaint, or is it connected with the subject of the action?

It is alleged in the complaint that the plaintiff endeavored to see and talk to the defendant, saw his wife, who stated she was empowered to speak on behalf of her husband, and undertook to have her accept return of the premiums. As the offer to return the premiums was a condition precedent to the cancellation of the policy of insurance, this was a necessary allegation to sustain plaintiff's cause of action. The alleged slander of the defendant took place at one of the interviews between the plaintiff and defendant's alleged agent, his wife, and in connection with the very matter involved in the complaint, *viz.*, the right of the plaintiff to a rescission of the contract on account of the defendant's alleged fraud. The alleged slander set forth in the counterclaim relates to the matters which plaintiff claims entitle it to a cancellation of the contract. Therefore, while the alleged slander took place long after the inception of the contract, it was coincident with the efforts to obtain a cancellation of the contract and the return of the premiums. It, therefore, arises out of the contract set forth in the complaint, and is connected with the subject of the action. The notice to strike, and demurrer to the counterclaim were properly overruled, and the exceptions thereto cannot be sustained.

Judge Mann, who heard the matter, did not pass on the appellant's motion to require defendant to make certain allegations of the answer and counterclaim more definite and certain, and the third exception charges error in his failure to do so. There has been no ruling on this question, and it is not properly before this Court. The third exception is overruled without prejudice to appellant's motion for an order requiring the defendant to make the answer and counterclaim more definite and certain in the particulars set forth in the notice thereof.

Affirmed.

Mr. Chief Justice Bonham, Messrs. Associate Justices Fishburne and Stukes, and Circuit Judge L. D. Lide, Acting Associate Justice, concur.