16949

MORDIE GAUSE, Appellant, v. JAMES A. JONES and the LIFE INSURANCE COMPANY OF VIRGINIA, Respondents

(85 S. E. (2d) 402)

*James F. Covington, Jr., Esq.,* of Bennettsville, *for Plaintiff-Appellant,*

*Messrs. Tison & Tison,* of Bennettsville, *for Defendant-Respondent,*

*James F. Covington, Jr., Esq.,* of Bennettsville, *for Plaintiff-Appellant,*

January 10, 1955.

G. BADGER BAKER, Acting Associate Justice.

This appeal is from the refusal of the Circuit Judge to sustain a demurrer by plaintiff-appellant to a counterclaim against appellant, pleaded by the respondent, James A. Jones. Appellant's complaint alleges a cause of action for fraud

and deceit against both defendants in that the respondent Jones, as agent of the defendant insurance company, made false representation to appellant at the time he took the application for a "Hospital and Surgical Expense Policy" of insurance which was subsequently issued by the defendant insurance company and delivered by the respondent Jones.

Appellant alleges in his complaint that he "specifically advised defendant Jones, agent of the defendant insurance company, that plaintiff had been treated by Dr. Carlisle Moore, more than a year prior to the date application was taken, for ulcers of the stomach; and further plaintiff advised defendant Jones that plaintiff had consulted Dr. Douglas Jennings relative to a stomach ulcer, but that he had been advised by Dr. Jennings that the said ulcer could not be removed; and further plaintiff discussed with agent Jones the fact that other Doctors had advised that the ulcer could be removed * * * ."

Further allegations charge the respondent with fraudulently failing to disclose this information to the defendant insurance company by omitting the same from the application and by failing to subsequently disclose the same.

After this policy was issued, and delivered by respondent, appellant incurred hospital and surgical expenses when he had an operation for a stomach ulcer. His claim under the policy was denied, the defendant insurance company advising him that it assumed no liability on the policy for the reason that the appellant had undergone treatment for stomach ulcers prior to the issuance of the policy.

The answer of the respondent, James A. Jones, contains a denial of the allegations of fraud and a counterclaim for libel. The writing upon which the libel is founded is alleged as follows: "that heretofore on or about December 1, 1953, the plaintiff, by his agent and attorney, did make, publish and write to The Life Insurance Company of Virginia, statements to the effects that this defendant was advised by the plaintiff herein, when application for said policy of in-

surance described in the complaint was made, that he, the plaintiff, had stomach ulcers and had been advised by physicians that he could not be operated on, and that thereupon this defendant informed the plaintiff that such was all right, and that plaintiff asked this defendant if the application covered everything and this defendant replied that it did except for hernia for which a rider was attached by endorsement; and further in said communication it was stated on behalf of the plaintiff, that the plaintiff might institute suit for fraudulent breach of contract and misrepresentation of facts by your agent, which statements were of and concerning this defendant; that the purport and effect of the said statements, and that which was intended and was understood by The Life Insurance Company of Virginia was and is that this defendant was being charged with fraudulent withholding of information, which was in his possession; of misrepresentation of the facts thereabout to the said company, and by the perpetration of a fraud upon the said company seeking to have issued and causing to be issued, a policy of Hospitalization Insurance which would otherwise not have been issued, and thereby charging this defendant with breach of his duties to said Company as its soliciting agent and the commission of a fraud upon both the plaintiff and said company."

Appellant served a demurrer to the counterclaim upon the ground that the cause of action pleaded therein does not arise out of the same state of facts nor is it a similar cause of action as that alleged in the complaint. The demurrer was heard before Judge J. Woodrow Lewis and overruled by him in a short but correct order, which we now quote:

"As the letter forming the basis of the Counterclaim for liability was concerning payment of claim of plaintiff allegedly due under the policy, and the liability was coincident with efforts of plaintiff to collect under the policy and related to the matters which plaintiff claimed entitled him to recovery, it would appear that the Demurrer should be, and it is hereby, denied and the counterclaim of the defendant,

James A. Jones, allowed as a proper pleading under the circumstances of this case. *Aetna Life Ins. Co. v. Lourie*, 201 S. C. 478, 23 S. E. (2d) 741."

Appellant has appealed upon exceptions challenging the counterclaim as a proper pleading.

The question then is whether the counterclaim comes within the purview of Section 10-705 of the Code, which says: "In all actions sounding in tort the defendant shall have the right to plead a similar cause of action against the plaintiff by way of counterclaim if the cause of action of the plaintiff and defendant arise out of the same state of facts."

Appellant relies heavily upon the case of *Baitary v. Ilderton*, 214 S. C. 357, 52 S. E. (2d) 417, 10 A. L. R. (2d) 1163. In that case the plaintiff and the defendant owned adjoining lots. Plaintiff brought an action for trespass alleging that the defendant about January 15, 1947, had dug a ditch and built a brick wall on plaintiff's property and as a result undermined and damaged plaintiff's building. The defendant's counterclaim alleged that about six months later the plaintiff had slandered defendant by words to the effect that plaintiff " 'stole two feet of my land and I will get even with her. She not only stole my land, but, also, deliberately undermined and disturbed the foundation of my building; she trespassed on my property after I warned her not to do so'."

The claim of plaintiff for malicious trespass to property was held to be distinct and independent of the counterclaim for slander, not only because the acts complained of were committed upon occasions separated by at least six months but also for the more controlling reason that while the acts complained of in the complaint may have supplied the reason and the motive for the slander alleged in the counterclaim, the two did not arise out of the same transaction or the same state of facts.

> The true test would seem to be whether or not the acts complained of in the counterclaim are so connected with those upon which the complaint is found-

ed that it can be said the counterclaim is based upon the denial of the issues raised by the complaint. In other words, if the allegations of fraud and deceit as contained in the complaint, be proven to be false by the defendants, would the circumstances alleged in the counterclaim give rise to a similar cause of action on the same state of facts in favor of the respondent. If this is the case, then the two causes of action necessarily arise out of the same state of facts or the same transactions.

The above situation is illustrated in the case of *Aetna Life Ins. Co. v. Lourie, supra.* Appellant would distinguish this case because it was one brought by the plaintiff insurance company to cancel a policy of insurance and was not an action in tort but one upon contract. Since that action was founded upon contract, the type of counterclaim permitted under the Code is governed by Section 10-703, which provides:

"The counterclaim mentioned in § 10-652 must be one existing in favor of a defendant and against the plaintiff between whom a several judgment might be had in the action and arising out of one of the following causes of action:

"(1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action."

However, it seems that the requirements of both statutes are essentially the same. To distinguish between a cause of action arising out of the same "transaction" and one arising out of the "same state of facts," would result in a refinement of definition which was certainly not contemplated upon the passage of the legislation involved. The only distinction between the language used would appear to be that the words same "transaction" would more aptly describe circumstances involving issues which might give rise to a counterclaim in an action upon contract, and the words "arising out of the same state of facts," would with the same intent, apply to the circumstances involving the issues where the action is one for tort.

Here, the identical facts form the basis for the complaint and the counterclaim. It is true that one of the elements of the counterclaim, that of the publication of the alleged libel, occurred some time after the acts upon which appellant's action in fraud and deceit is based. But the acts themselves are one and the same. That is, did or did not the respondent Jones fraudulently and falsely complete the application for the insurance policy which was issued to appellant. That issue of fact forms the foundation of both the complaint and the counterclaim. Both actions, therefore, arose out of the same state of facts.

Appellant's exceptions are without merit and the order of the lower Court is herewith affirmed.

STUKES, TAYLOR, OXNER and LEGGE, JJ., concur.