## DOMINICK V. DANIELS, PLAINTIFF, v. RUSSELL E. WATSON, DEFENDANT.

Submitted October 14, 1932—Decided March 6, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the plaintiff, *John G. Flanigan* (*John L. Ridley,* of counsel).

For the defendant, *Carey & Lane.*

PER CURIAM.

A rule was allowed in this case to show cause why the venue should not be changed from Hudson county where the plain-

tiff resides, to Middlesex county where the defendant resides. Depositions were taken under the rule and they are before us. From these it appears that one Brown had a claim against the defendant for services for an investigation in matters arising out of the investigation of a legislative committee. His claim was placed in the hands of an attorney who made efforts to get a settlement but liability was disclaimed by the defendant. A formal assignment was then made of the claim by Brown to Daniels, the plaintiff. Suit was brought, summons issued and a complaint filed laying the venue in Hudson county. To the complaint an answer was filed but no question of venue then raised. The case then came on in due course before Judge Ackerson and a jury for trial in that county.

During the progress of the trial defendant's counsel questioned both the plaintiff and Brown as to the assignment, calling attention to the fact that it had not yet been proved. It was suggested by the court that counsel was attempting to raise the question of jurisdiction and remarked that if so he had a right to compel security for costs. Security for costs was then tendered by the plaintiff's counsel but declined by defendant's counsel who stated that he did not ask for anything, that he was "just asking the witness a few questions." The case then proceeded to the end and the jury disagreed. A month later the present rule was obtained.

It seems to be assumed by both parties, although there is no authority cited to support it, that a claim cannot be placed in the name of a resident for the purpose of suit and thereby confer a right in the assignee to lay the venue of the case in the county of his residence, but we are not satisfied that this is so. A plaintiff holding a valid assignment of a claim under our statutes may sue in his own name regardless of whether he is the beneficiary or owner or holds it as trustee, and if he may bring such suit it is clear that he may bring it in the county where he resides and in such case a change of venue would not be directed.

But apart from this we think the defendant is clearly estopped from now pressing for a change of venue. When

the claim was originally made the defendant knew that the claimant was Brown and that Brown was the real party in interest. When the action was started in the name of Daniels the assignment was alleged and the defendant filed answer avering that he did not know anything about the assignment, but required the plaintiff to prove it. When the trial came on his counsel questioned the parties as to the *bona fides* of the assignment and the judge naturally assumed that the purpose was to raise the jurisdictional question of the venue in Hudson county. To this defendant's counsel gave no support, but indicated that he was simply asking for information, or possibly, from mere curiosity, and proceeded with the trial of the case, taking his chances before the court and jury before whom the case was being tried.

Under such circumstances the application comes too late. Generally, application for a change of venue should be made before plea filed. *Wildes* v. *Mairs,* 6 *N. J. L.* 320; *Bell* v. *Morris Canal Co.,* 15 *Id.* 63. In *Force* v. *Carr,* 9 *N. J. L. J.* 311, Mr. Justice Depue made this observation: "The proper time to make an application for a change of venue is before plea filed, and the filing of a plea will be regarded as a waiver of the right to apply for a change of venue unless upon substantial grounds."

In the present situation not only is the application out of time, but by electing to proceed with the trial and taking chances of a favorable verdict at the hands of a jury in Hudson county, it is clear that the defendant elected to stand upon the venue as alleged in the complaint and waive all right to ask for the change.

The rule is discharged, with costs.