MILDRED TONKIN, PLAINTIFF, v. JOHN H. HANKINSON, MARGARET HANKINSON, ALICE C. FITZGERALD, DAVID C. RUBIN AND WELBILT STOVE COMPANY, INCORPORATED, A CORPORATION OF THE STATE OF NEW YORK, DEFENDANTS.

Submitted October 11, 1935—Decided June 20, 1936.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the rule, *Cox & Walburg* (*William H. D. Cox* and *T. Harry Rowland,* of counsel).

*Contra, Collins & Corbin* (*Edward A. Markley,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J.   Herein the plaintiff instituted suit in the New Jersey Supreme Court on July 13th, 1935, for personal

injuries sustained on November 29th, 1933, in an automobile accident in the county of Burlington, New Jersey, wherein three automobiles were involved.

Plaintiff alleged that the defendant John H. Hankinson was the owner of one of these cars, which was driven by Margaret Hankinson, both residents of Mercer county. The other defendants reside in the State of New York.

All of the defendants were served with the summons and complaint. The defendants Hankinsons, two months after institution of suit, applied for and were allowed this rule to show cause why the venue should not be changed from Hudson county to Mercer county.

Now, "an action merely transitory [such as this] shall at the discretion of the court be tried in the county in which the cause of action arose, or the plaintiff or defendant reside at the time of instituting such action, or if the defendant be a non-resident, in the county in which process was served upon him." 3 *Comp. Stat., p.* 4113, ¶ 202.

Accordingly the plaintiff had the right to lay the venue in the county of her residence, and the court will not change the venue on the ground of inconvenience, upon any nice balancing of circumstances of mere accommodation to the parties; over these, the legal right of the plaintiff must prevail. *Simanton* v. *Moore,* 65 *N. J. L.* 530.

In the present case we believe that it satisfactorily appears that the plaintiff, at the time of institution of suit, resided in Hudson county.

The plaintiff's residence will be presumed to be where she alleges it to be, unless the contrary appears. *Debaghian* v. *Kaffafian,* 71 *N. J. L.* 115; *Robbins* v. *Glendon,* 103 *N. J. L.* 562. Here the plaintiff alleged in the complaint that she is a resident of Jersey City, Hudson county, and her uncontradicted testimony was that ever since June 29th, 1935, she has resided at 2954 Hudson Boulevard, Jersey City, having taken up her residence there solely for domestic reasons.

Neither the mere fact that plaintiff was registered as a voter in New York State on October 9th, 1934, nine months before her removal to New Jersey on June 29th, 1935, nor

the mere fact that she was not registered as a voter in New Jersey on September 26th, 1935, nor the mere fact that, in a suit begun by her in the federal court eighteen months before the present suit was instituted, it was stated in the complaint that she was a resident of the State of New York, furnish any grounds, considered singly or collectively, for a change of venue in the present suit from the county in New Jersey in which she alleges and the proof shows she actually resided at the time of its institution. If, as here, there be actual residence of the plaintiff in the county where the venue is laid in a transitory action, the fact that a change of residence was made subsequent to the date at which the cause of action arose, but prior to the institution of the suit, gives no right to the defendant to have the venue of the action changed. *Robbins* v. *Glendon,* 103 *N. J. L.* 562.

Upon the whole, considering the pleadings and testimony, no sufficient reason is presented for changing the venue in the present action.

The rule to show cause will be discharged, with costs.