MAY E. THORN AND JOSEPH S. THORN, JR., PLAINTIFFS, v. MINNIE SHILL LANGUE AND MURIEL ANGELL, EXECUTRICES OF THE ESTATE OF JOSEPHINE V. KEAST, DECEASED, AND EDGAR S. THORN, DEFENDANTS.

Submitted January 17, 1939—Decided April 20, 1939.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the plaintiffs, *Matlack & Lautman.*

For Margaret H. Davis and Fred H. Davis, *Joseph T. Karcher.*

For the defendants, *George L. Burton.*

The opinion of the court was delivered by

PERSKIE, J. On October 21st, 1937, Josephine V. Keast was traveling in her automobile, driven by Edgar S. Thorn, in the State of Kentucky. May E. Thorn and Margaret H. Davis were also in the automobile; they claim they were pas-

sengers by invitation of Josephine V. Keast. While so traveling a collision occurred between the Keast automobile and a motor truck. As a result thereof Josephine V. Keast was killed and May E. Thorn and Margaret H. Davis were injured. Two separate law suits followed in the order next stated.

First, on January 10th, 1938, Margaret H. Davis and Fred H. Davis sued Minnie Shill Langue and Muriel V. Angell, executrices of the estate of Josephine V. Keast, and Edgar S. Thorn, to recover their respective damages. That suit was filed in this court and the venue was laid in Middlesex county where concededly the plaintiffs and Edgar S. Thorn resided. Because Josephine V. Keast in her lifetime resided in Monmouth county, where her estate is being administered, and because both executrices are non-residents, service in this suit, as well as in the second suit presently stated, was made upon the surrogate of the county of Monmouth in pursuance of *R. S.* 3:13-12 and 13. Answer was filed; and at the time of taking depositions (September 23d, 1938), this suit was listed as case number 86 on the list of causes set down for trial at the Middlesex Circuit; trials were scheduled to commence on September 26th, 1938.

Second, on March 4th, 1938, May E. Thorn and Joseph S. Thorn, Jr., her husband, also sued the same defendants, to recover their respective damages arising out of the same accident. That suit, too, was filed in this court but the venue was laid in Monmouth county. Answer and reply were filed. No number had been assigned to this suit, nor had it appeared on the Monmouth calendar for trial of causes when the depositions on the rule were taken.

On September 17th, 1938, defendants put in motion the instant proceeding which resulted in the granting of the rule on October 6th, 1938.

The proofs as to plaintiffs' residence in this suit are substantially that Joseph S. Thorn, Jr., lives with his wife; that he has resided in Sayreville (Middlesex county) for over forty-one years; that he has always voted from Sayreville; but that each year since 1922 his wife and he have lived in Ocean Grove (Monmouth county) "from around the first of May to the middle or last of October."

Defendants in support of the rule, generally stated, argue that since both suits arise out of the same occurrence, involve the same issues, and the same evidence will be material and necessary to be produced in each case; that since it may be necessary to produce witnesses from Kentucky; that since their medical witnesses who examined both plaintiffs reside in Middlesex county, and, finally, since all plaintiffs actually live in Middlesex county, that to compel them (defendants) to stand two separate trials would work a grave injustice upon them; for, it would put them to an unnecessary double expense.

On the other hand, each plaintiff stoutly challenges the efficacy of defendants' claims in support of their right to the relief they seek. Each plaintiff insists that the venue in each suit was laid in the proper county; and that defendants' application was not timely made. Additionally, it is especially argued for the Thorns that since the plaintiffs are different in each suit no right of consolidation of both suits exists. While for the Davis's it is especially argued that their interest would be seriously impaired if the two suits were consolidated because in the case of the Thorns, parents are suing their own son.

1. The right to consolidate several actions is regulated by statute. "Defendants may, at any time, move to consolidate several actions which are capable of being consolidated." *R. S.* 2:27-114.1. This statute has for its source the concluding sentence of section 115, *Pamph. L.* 1903, *p.* 570. Neither the fact that the parties plaintiff are different, nor the fact that the parties plaintiff and one defendant in one of the suits are related, is, under the circumstances, the determinative test to the right of consolidating the two suits. The determinative test is the one prescribed by the legislature: are the several actions capable of being consolidated? And those actions are capable of consolidation which clearly involve, as do the two suits here, the same occurrence, the same issues, and the same defenses. For an interesting case on consolidation see by analogy the case of *Metropolitan Casualty Insurance Co.* v. *Lehigh Valley Railroad Co.,* 94 *N. J. L.* 236; 109 *Atl. Rep.* 743 (known as the "Black Tom Explo-

sion" case). In that case our Court of Errors and Appeals approved, under paragraphs 4 and 6 of our Practice act of 1912 (chapter 231, page 377) the consolidation of twelve separate cases against the same defendant where the claims were for glass damage in ten cases, for damage for the loss of the schooner *"Walcott"* in the Clark case, and for damages for personal injuries in the Allen case, because all claims grew out of the same explosion. Cf. also, *Greenspan Bros. Co.* v. *Collins,* 122 *N. J. L.* 234.

But obviously the two suits here involved cannot be consolidated unless the venue in one be changed so that the venue in both lie in the same county. Is such a change from Monmouth to Middlesex county warranted in the case at bar?

2. The right to change of venue is also regulated by statute. "A transitory action shall, at the direction of the court, be tried in the county in which the cause of action arose, or in which the plaintiff or defendant resided at the time of the commencement of the action, or, if defendant is a nonresident, in the county in which process was served upon him." *R. S.* 2:27-19.

In construing this statute we have held, among other things, that we do not change a venue upon any nice balancing of circumstances of mere accommodation to the parties, inconvenience against inconvenience. *Demarest* v. *Hurd,* 46 *N. J. L.* 471; over these factors, the legal rights of plaintiffs must prevail. *Tonkin* v. *Hankinson,* 116 *Id.* 560; 185 *Atl. Rep.* 532; that generally, the application for a change of venue should be made before plea filed, and that the filing of a plea will be regarded as a waiver of the right to apply for a change of venue unless *upon substantial grounds.* (Italics ours.) *Daniels* v. *Watson,* 11 *N. J. Mis. R.* 181, and cases cited (at *p.* 183); 164 *Atl. Rep.* 896. In light of these adjudications do defendants here present substantial grounds? We think so.

It is clear that when the second suit was instituted, March 4th, 1938, the Thorns were not then living in Ocean Grove, according to the testimony of Joseph S. Thorn, Jr., it was at the time of the year when they actually resided in Sayreville. Additionally, defendants' medical witnesses, and all

other witnesses, reside in Middlesex county, save those that may or may not be brought from Kentucky. And Joseph S. Thorn, Jr., testified that so far as his expenses, for medical witnesses, are concerned they would be the same whether this suit was tried in Monmouth or Middlesex county. And surely the fact that the estate of Josephine V. Keast is being administered in Monmouth county can have no material bearing upon the issues involved in the trial of the two suits. And if the fact that parents are suing their son be material, that circumstance is merely one of the many other circumstances for the proper control of the trial court.

We look with great favor upon the least vexatious, the least expensive and most expeditious attainment of justice. The consolidation of the two suits here so that they may be tried together, involving as they do the same occurrence, the same issues and the same defenses, is an orderly and proper step in the fair and practical administration of justice. Defendants have clearly established substantial grounds which move us to exercise our sound discretion to grant the relief which they seek.

Let a rule be entered changing the venue in the case at bar to Middlesex county; and let the rule so entered further provide that this suit be consolidated with the suit of Margaret H. Davis and Frank H. Davis, against same defendants now pending in Middlesex county so that both suits may be tried together.