# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | In and for Kent County |
| | ) | ID No. 1502003769 |
| v. | ) | |
| | ) | RK15-02-0485-01 Rape 4th (F) |
| JAQUAN L. HARRIS, | ) | RK15-02-0486-01 Consp 2nd (F) |
| | ) | |
| Defendant. | ) | |

## COMMISSIONER'S REPORT AND RECOMMENDATION

**Upon Defendant's Motion for Postconviction Relief
Pursuant to Superior Court Criminal Rule 61**

Kathleen A. Dickerson, Esquire, Deputy Attorney General, Department of Justice, for the State of Delaware.

Edward C. Gill, Esquire, Georgetown, Delaware for Defendant.

FREUD, Commissioner
November 30, 2017

The Defendant, Jaquan L. Harris ("Harris") pled guilty on September 16, 2015 to one count of Rape in the Fourth Degree, a lesser-included offense of Rape in the Second Degree Without Consent, 11 *Del. C.* § 770 and one count of Conspiracy in the Second Degree, 11 *Del. C.* § 512. The parties requested a pre-sentence report. On November 10, 2015 the Court sentenced Harris to eleven total years at Level V incarceration, suspended after serving nine months at Level V, followed by six

months at Level IV, followed by one year at Level III probation. Harris is currently scheduled to complete his probation period on December 5, 2017. Had Harris gone to trial and been found guilty of each of the charges, he faced a minimum mandatory sentence of ten years in jail up to a potential of twenty-seven years incarceration. Harris did not appeal his conviction or sentence to the State Supreme Court. On January 11, 2016, Harris filed his first *pro se* Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61, alleging ineffective assistance of counsel. A briefing schedule was set on Harris' *pro se* motion and prior counsel and the State responded to Harris' allegations. Prior to Harris filing his Reply, Edward C. Gill, Esquire entered his appearance on behalf of Harris on March 9, 2017 and requested additional time to file an amended postconviction motion on Harris' behalf. The request was granted and a new briefing schedule was issued. Briefing has now completed and the matter is ripe for decision.

## FACTS

The following is a summary of the facts of the case as outlined by the State in their response to Harris' amended motion for postconviction relief and corroborated by the Search warrant and arrest warrant's Affidavit of Probable Cause.

> On October 25, 2014, Alyssa Stanley ("Victim") sought medical treatment at Union Hospital in Elkton, Maryland after a sexual assault. A forensic nurse at the hospital examined the Victim and completed an evidence collection kit. Detective Fox of the Smyrna Police Department responded to the hospital and interviewed the Victim. She informed Detective Fox that she had been in a relationship with Harris and that she had plans to meet

2

him at his house earlier that day. She told the detective that she arrived at Harris' after midnight and went to his bedroom with him. She recounted that she and Harris had sexual intercourse once. Later they started to have sex a second time but Harris stopped in the middle of (sic) and told her that he needed to get a condom. Victim, who was facing the wall, waited in the dark bedroom for Harris' return. Someone, who she presumed to Harris, re-entered the room and intercourse resumed. A condom broke and the male having intercourse with Victim remarked that he would "get another condom." Victim, realizing that she did not recognize the voice, discovered that the male she was having sex with was not Harris. Victim became upset, screamed, struck the unknown male, got dressed and left the house.

Based on the information provided by the Victim, officers with the Smyrna Police Department obtained a search warrant for Harris' residence.[1] Two empty condom packets and bedding were seized. When the officers executed the search warrant, Harris answered the door and Victim's identification card was seized from his pocket. Harris was transported to Smyrna Police Department and provided a post-*Miranda* statement. During this statement Harris admitted that he had sexual intercourse with Victim and then sent his friend Kevaughn Peacock into the room with instructions to pretend to be Harris so he could have sex with Victim. Arrest warrants were obtained for Harris on February 10, 2015.[2]

---

[1] *State v. Harris*, Del. Super., ID No. 1502003769, DI 44.

[2] *Id.*

3

## Harris' CONTENTIONS

In his original, *pro se* motion Harris raised the following grounds for relief:

Ground one: Not informed of his right to counsel while being questioned by the police.

Ground two: A Fourth Amendment violation occurred when police "left behind" a live surveillance device.

Ground three: Coerced Guilty Plea.

Ground four: Ineffective assistance of counsel for not raising grounds 1 - 3 earlier.

In the amended motion filed by Mr. Gill an additional ground was raised as follows:

Ground five: That Harris was illegally arrested on October 25, 2014 without a warrant and therefore trial counsel should have filed a motion to suppress Harris' statement to the police and his failure to file a suppression motion amounted to ineffective assistance of counsel.

## DISCUSSION

Under Delaware law, this Court must first determine whether Harris has met the procedural requirements of Superior Court Criminal Rule 61(I) before it may

consider the merits of his postconviction relief claim.[3] This is Harris' first motion for postconviction relief, and it was filed within one year of his conviction becoming final. Therefore, the requirements of Rule 61(i)(1) - requiring filing within one year and (2) - requiring that all grounds for relief be presented in initial Rule 61 motion, are met. None of Harris' claims were raised at the plea, sentencing, or on direct appeal. Therefore, they are barred by Rule 61(i)(3), absent a demonstration of cause for the default and prejudice. To some extent each of Harris' claims are based on ineffective assistance of counsel; therefore, he has alleged cause for his failure to have raised them earlier.

At this point, Rule 61(i)(3) does not bar relief as to Harris' grounds for relief, provided he demonstrates that his counsel was ineffective and that he was prejudiced by counsel's actions. To prevail on his claim of ineffective assistance of counsel, Harris must meet the two-prong test of *Strickland v. Washington*.[4] In the context of a guilty plea challenge, *Strickland* requires a defendant show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's actions were prejudicial to him in that there is a reasonable probability that, but for counsel's error, he would not have pled guilty and would have insisted on going to trial and that the result of a trial would have been his acquittal.[5] The failure to establish that a defendant would not have pled guilty and would have proceeded

---

[3] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).

[4] 466 U.S. 668 (1984).

[5] *Id*. at 687.

5

to trial is sufficient cause for denial of relief.[6] In addition, Delaware courts have consistently held that in setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[7] When examining the representation of counsel pursuant to the first prong of the *Strickland* test, there is a strong presumption that counsel's conduct was professionally reasonable.[8] This standard is highly demanding.[9] *Strickland* mandates that, when viewing counsel's representation, this Court must endeavor to "eliminate the distorting effects of hindsight."[10]

Following a complete review of the record in this matter, it is abundantly clear that Harris has failed to allege any facts sufficient to substantiate his claim that his attorney was ineffective.

Turning briefly to Harris' specific claims he first asserts that the police did not inform him of his *Miranda* rights during his interrogation. The evidence shows that this claim is false. A transcript of Harris' recorded statement to the police proves that Detective Fox read Harris his *Miranda* rights and the he indicated that he understood

---

[6] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997)(citing *Albury v. State*, 551 A.2d 53, 60 (Del. 1988))(citations omitted).

[7] *See e.g.*, *Outten v. State*, 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State*, 1995 WL 466465 at *1 (Del. Supr.)).

[8] *Albury*, 551 A.2d at 59 (citing *Strickland*, 466 U.S. at 689).

[9] *Flamer v. State*, 585 A.2d 736, 754 (Del. 1990)(quoting *Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986)).

[10] *Strickland*, 466 U.S. at 689.

his rights and wished to speak to the detective.[11] The affidavit of Trial Counsel concurs with this assessment. Harris' conclusory allegation has provided no proof that this was anything but a knowing and voluntary waiver of his rights. Harris' claim must fail under Superior Court Criminal Rule 61(i)(3), as he failed to asserted this ground for relief prior to his plea nor has he shown a cause for relief or prejudice from the alleged violation.[12]

Harris' second claim is that a Fourth Amendment violation occurred when law enforcement left electronic surveillance equipment in his home. The State denies this allegation. The State was not aware of any listening or recording devices being left by the police in Harris' home. The Crime Report makes no mention of a listening device or of any conversations that may have been intercepted from such device.[13] Furthermore, Trial Counsel states in his affidavit that there was not any evidence to substantiate this claim. As Harris has failed to make any showing that this listening device existed, his claim must fail.[14]

Harris' third claim asserts that he was coerced into taking the guilty plea by his attorney. Harris alleges that he felt pressured to enter a plea to the lesser included offense of Rape in the Fourth Degree because he was unaware that his Constitutional rights had been violated. The affidavit of Trial Counsel states that counsel explained

---

[11] *State v. Harris*, Del. Super., ID No. 1502003769, DI 33.

[12] *State v. Alston*, 2014 WL 7466536 (Del. Super. Dec. 16, 2014), at *4.

[13] *State v. Harris*, Del. Super., ID No. 1502003769, DI 33.

[14] *Alston*, at *4.

7

the evidence and evidentiary burdens associated with each charge to Harris. Trial Counsel also avers that he explained to Harris that Rape in the Second Degree, the charge for which he was indicted, carried a minimum mandatory sentence of ten years at Level V. The plea offer was to Rape in the Fourth Degree, which did not carry a minimum mandatory sentence. At the time of the Plea, Harris completed the "Truth-in-Sentencing Guilty Plea Form" and verbal plea colloquy on the record. Harris indicated that he was "freely and voluntarily" deciding to plea guilty. Furthermore, when asked whether his "lawyer, the State or anyone threatened or forced" him to enter his plea, he indicated "no."[15] As there is no proof that Harris' guilty plea was not knowing and voluntary, this Rule 61 claim is meritless.

Harris' fourth claim alleges ineffective assistance of counsel. This appears to be a blanket allegation relating to Trial Counsel's failure to file suppression motions. As stated above at claim 1 and 2, there is no evidence of constitutional violations that would have given rise to suppression issues based upon *Miranda*.

Harris' fifth claim alleges that he was subject to an illegal arrest on October 25, 2015 and that his incriminatory statement was a direct result of this violation. Harris claims that but for his incriminatory statement, the State would not have proceeded to trial and he would not have been convicted. Harris' argument is misplaced as the police had ample evidence to detain him for questioning based upon the facts of the case.

---

[15] *State v. Harris*, Del. Super., ID No. 1502003769 (Sept. 16, 2015) Tr. at 6., *See State v. Zittinger*, 2010 WL 8250803 (Del. Super. Apr. 15, 2010).

In *New York v. Harris*,[16] the United States Supreme Court examined a similar but factually distinct case. *New York v. Harris* involved the police's illegal entry into a suspect's home, followed by a warrantless arrest based on probable cause, and a post-*Miranda* statement. Refusing to suppress the post-*Miranda* statement as "fruit of the illegal arrest," the Court held that "where the police have probable cause to arrest a suspect, the exclusionary rule does not bar the State's use of a statement made by the defendant outside of his home, even though the statement is taken after an arrest made in the home in violation of" the Constitution.[17] Similarly, when an arrest is deemed not to have occurred, the United State Supreme Court has held that: "a police officer may conduct a brief, investigatory detention of an individual based on the officer's reasonable and articulable suspicion that criminal activity is afoot."[18] "Reasonable suspicion must be evaluated in the context of the totality of the circumstances as viewed through the eyes of a reasonable trained police officer in the same or similar circumstances, combining objective facts with such an officer's subjective interpretation of those facts."[19] In *Terry v. Ohio*[20] the United State Supreme Court held that the Officer acted reasonably when patting down the

---

[16] 495 U.S. 14 (1990).

[17] *Id.* At 21.

[18] *State v. Harris*, ID No. 1602006736, 2016 WL 4006354 (Del. Super. July 25, 2016) (citing *Terry v. Ohio*, 392 U.S. 1, 3 (1968)).

[19] *Id.* at *4.

[20] 392 U.S. 1 (1968).

Defendant based on the hypothesis that the Defendant was contemplating a daylight robbery.[21] "Reasonable suspicion is a less demanding standard compared to probable cause and only requires a showing considerably less than preponderance of the evidence."[22] For instance, in *State v. Harris* (unrelated to the defendant in this case), the Court held that the Officer had sufficient reasonable and articulable suspicion to perform an investigatory stop based on a consensual encounter on the behalf that the Defendant was the unidentified suspect from a shooting incident.[23]

The police were in Harris' house because they had secured a search warrant for his residence. This search warrant was reviewed and approved by Justice of the Peace Court 7 prior to law enforcement's entry into Harris' home. This was not an instance of a warrantless search of a residence. As the Search Warrant demonstrates, there was probable cause for the search based upon the details of the assault as described by the Victim. This sexual assault, which lists Harris as a suspect, was the only reason provided for the search. The magistrate reviewed the allegations and concluded that there was probable cause to issue the search warrant. In the instant matter, the Victim identified Harris as the perpetrator and a Search Warrant was issued for his house. The police had probable cause for an arrest, if they chose to exercise it, based upon the victim's statement. Once at the residence, the Victim's identification card was found on Harris. The Officers also collected various items

---

[21] *Id.* at *3.

[22] *Woody v. State*, 765 A.2d 1257, 1263 (Del. 2001).

[23] *State v. Harris*, ID No. 1602006736, 2016 WL 4006354 (Del. Super. July 25, 2016).

from the house as evidence: balled up bed sheets, an open box of Magnum brand condoms with only two condoms of three left, and one open Durex brand condom wrapper. This evidence corroborated and strengthened the evidence the police already had against Harris, adding to the probable cause to arrest Harris. Even if the evidence did not reach the level of probable cause, the officers had specific and articulable facts combined with rational inferences that reasonably warranted the intrusion. Therefore, even assuming, the Victim's identification card was not found, under the totality of the circumstances, the Officers had reasonable suspicion to stop Harris. Similarly to *Harris*, the Officer had a consensual interaction when Harris answered the door. Already in custody, the Officer advised Harris of his *Miranda* rights and was soon released after his statement.[24]

As noted, Harris was facing the possibility of over ten years minimum mandatory jail time had he been convicted, and the sentence and plea were extremely reasonable under all the circumstances, especially in light of the overwhelming evidence against him. Prior to the entry of the plea, Harris and his attorney discussed the case. The plea bargain was clearly advantageous to Harris. Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when Harris entered his guilty plea, he stated he was satisfied with defense counsel's performance. He is bound by his statement unless he presents clear

---

[24] *State v. Harris*, ID no. 1602006736, 2016 WL 4006354 (Del. Super. July 25, 2016).

11

and convincing evidence to the contrary.[25] Consequently, Harris has failed to establish that his counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo*, that counsel's representation of Harris was somehow deficient, Harris must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk dismissal.[26] In an attempt to show prejudice, Harris simply asserts that his counsel was ineffective and states that he would not have pled guilty had his confession been suppressed. However, it is merely speculation on his part that had he gone to trial and his confession not been admitted that he would have been found not guilty. Clearly the testimony of the victim and his co-defendant would have been strong evidence against him even without his confession. His statements are insufficient to establish prejudice, particularly in light of the evidence against him. Therefore, I find Harris' grounds for relief are meritless.

To the extent that Harris alleges his plea was involuntary, the record contradicts such an allegation. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to a plea colloquy to

---

[25] *Mapp v. State*, 1994 WL 91264, at *2 (Del.Supr.)(citing *Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994)).

[26] *Larson v. State*, 1995 WL 389718, at *2 (Del. Supr.)(citing *Younger*, 580 A.2d 552, 556 (Del. 1990)).

determine if the waiver of constitutional rights was knowing and voluntary.[27] At the guilty-plea hearing, the Court asked Harris whether he understood the nature of the charges, the consequences of his pleading guilty, and whether he was voluntarily pleading guilty. The Court asked Harris if he understood he would waive his constitutional rights if he pled guilty; if he understood each of the constitutional rights listed on the Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form"); and whether he gave truthful answers to all the questions on the form. The Court asked Harris if he had discussed the guilty plea and its consequences fully with his attorney. The Court asked Harris if he was entering into the plea because he was guilty of the charges. The Court also asked Harris if he was satisfied with this counsel's representation. Harris answered each of these questions affirmatively.[28] I find counsel's representations far more credible than Harris' self-serving, vague allegations.

Furthermore, prior to entering his guilty plea, Harris signed a Guilty Plea Form and Plea Agreement in his own handwriting. Harris' signatures on the forms indicate that he understood the constitutional rights he was relinquishing by pleading guilty including the right to have evidence suppressed and that he freely and voluntarily decided to plead guilty to the charges listed in the Plea Agreement. Harris is bound by the statements he made on the signed Guilty Plea Form, unless he proves

---

[27] *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

[28] *State v. Harris*, Del. Super., ID No. 1502003769 (Sept. 16, 2015) Tr. at 3-9.

13

otherwise by clear and convincing evidence.[29]  I confidently find that Harris entered his guilty plea knowingly and voluntarily and that Harris' grounds for relief are completely meritless.

## CONCLUSION

I find that Harris' counsel represented him in a competent and effective manner and that Harris has failed to demonstrate any prejudice stemming from the representation.  I also find that Harris' guilty plea was entered knowingly and voluntarily. I recommend that the Court *deny* Harris' motion for postconviction relief as procedurally barred and completely meritless.

/s/ Andrea M. Freud
Commissioner

AMF/dsc

---

[29] *Sommerville,* 703 A.2d at 632.

14